## JOHN A. MURPHY ET AL. *vs.* WILLIAM F. WHEATLEY ET AL.

*Construction of Code Relating to the Liability to Creditors of Stockholders in Trust Companies—Statute Valid in Part and Invalid in Part —Act of 1904 Prescribing a Bill in Equity as Exclusive Remedy to Enforce Stockholder's Liability—Amendment of Pending Suit in Equity.*

The Act of 1892, ch. 109 (Code Art. 23, sec. 85 A *et seq.*), professed in its first section to regulate "every safe deposit, trust, guaranty, loan and fidelity company incorporated under any law of this State or any other State doing business in this State." Sec. 85L provided that each stockholder shall be liable to the depositors and creditors of any *such* corporation for double the amount of stock held by such stockholder in such corporation. *Held*, that the words "such corporation," in sec. 85L, refer to the corporations enumerated in sec. 85A, the same words being used in all the intervening sections of the statute.

*Held*, further, that sec. 85L is applicable to a trust company subsequently incorporated by a special Act of the Legislature, and imposes this liability upon its stockholders independently of any reference thereto in the charter of the company.

Code, Art. 23, sec. 85A, &c., provides for the liability to creditsrs of the corporation of each stockholder in every safe deposit, trust, &c., company, incorporated under any law of this State or of any other State doing business in this State. *Held*, that if it be conceded that this State has no power to impose upon the stockholders of foreign corporations liabilities not covered by the terms of the subscriptions to their stock, yet this statute would still be valid as to the holders of stock in domes tic corporations and it would be read as if it excluded the foreign corporations from its operation.

The Act of 1904, ch. 337, provided that the remedy of creditors of trust companies to enforce the liability to them of stockholders should be by bill in equity in the nature of a creditor's bill; that all pending actions at law by creditors against stockholders instituted since a certain time should be abated, and that the plaintiffs in the abated suits should have the right to become parties to such bill in equity. Prior to the passage of this Act the present suit in equity was brought on behalf of creditors of a trust company against stockholders to enforce their statutory liability. The bill alleged that a number of creditors had instituted separate actions of law against sundry stockholders, including some of the defendants herein, and prayed for an injunction to restrain the prosecution of the actions at law and for a decree requiring the defendants to pay into Court the amounts for which they are respectively liable. *Held*, upon demurrer, that since the plaintiffs could maintain the bill against such of the defendant stockholders as were liable to all such creditors, the Court had jurisdiction of the case, although without the aid of the Act of 1904, the bill would be multifarious in so far as it united the claims of creditors against defendants who were only liable to some of them.

*Held*, further, that the remedy prescribed by the Act of 1904, can be had by an amendment of the present suit so as to make all the resident stockholders defendants, and so as to allow all the creditors of the corporation to become plaintiffs.

Appeal from Circuit Court No. 2, of Baltimore City (SHARP, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Wm. Reynolds* and *Augustus C. Binswanger* (with whom was *Martin Lehmayer* on the brief), for the appellants.

*Arthur W. Machen,* for Jenkins, appellee.

*M. R. Walter* and *L. J. Cohen,* for Maynadier *et al.*

*Vernon Cook* with (whom were *Gans & Haman* on the brief), for Miners and Merchants Bank, appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from a decree of Circuit Court No. 2, of Baltimore City, sustaining a demurrer to an amended bill filed on behalf of the creditors of The City Trust and Banking Company against its stockholders to enforce their statutory liability for its debts.

The original bill is not in the record but it appears that it was filed on June 17th, 1903, and was demurred to and the demurrer was sustained. On September 17th an amended bill was filed which alleges that the Trust Company had theretofore been adjudged insolvent and dissolved and a receiver of its affairs appointed by the said Circuit Court in another case, that the present suit had been brought on behalf of all the creditors and that a number of creditors had come into the case by petition and had been made co-plaintiffs by orders of Court, that the plaintiff is a creditor of the trust company for money deposited therein to the extent of $1000, and that the defendants are stockholders thereof and that they became such in the number of shares and as of the dates set forth in a schedule already on file as an exhibit in the case and that the plaintiff became a creditor at the time when the defendants were stockholders. It further alleges that each stockholder is liable to the creditors of the company for its debts to an amount equal to twice the par value of his stock under sec. 85L of Article 23 of the Code of Public General Laws, to which, the bill avers, the special chartered rights of the company are made liable by the terms of the Act of 1896, chap. 344, by which it was incorporated. It is also alleged that a number of creditors whose names are given had, since the filing of the original bill in the present case, instituted separate actions at law in

the several Courts in Baltimore City against sundry individual stockholders, including some of the defendants to this suit, to enforce their liability for the corporate debts for the exclusive benefit of the said respective creditors.

The bill then asserts that the plaintiffs are entitled, in order to avoid a multiplicity of suits, to have the further prosecution of the suits at law enjoined and the rights of all of the creditors against the defendant stockholders determined and enforced according to equitable principles in the present case. The prayer of the bill is for an injunction to prevent the maintenance of the suits at law, for a decree requiring the defendants to pay, to the extent of their respective liability, the sums due by the Trust Company to the several plaintiffs, and for general relief.

It is apparent from the terms of the charter of the company, a copy of which is filed as an exhibit with the bill, that it answers to the description, contained in the first section of the Act of 1892, chapter 109, of the corporations to which the provisions of that Act are intended to apply. The charter definitely authorizes the company to do a safe deposit, trust, guaranty, loan and fidelity business.

A number of the defendants demurred to the bill assigning as grounds of demurrer.

1. That the bill did not disclose a good case.

2. That the Court had no jurisdiction to grant the relief prayed for in the bill.

3. That the bill was multifarious.

4. That the plaintiffs had an adequate remedy at law.

The Circuit Court by the decree from which this appeal was taken sustained the demurrers and dismissed the bill. No opinion was filed in the case by the learned Judge below, nor does the decree disclose the grounds upon which he sustained the demurrer, and we will therefore examine the several causes of demurrer assigned in the pleadings.

The first question which presents itself for our consideration is whether there exists any liability on the part of the stockholders of the City Trust and Banking Company to its

creditors. In the view of the draughtsman of the bill the expression found in the 14th section of the company's charter, "The said corporation shall be subject at all times to the provisions of the Act of eighteen hundred and ninety-two, chapter one hundred and nine" imposed upon its *stockholders* such a liability. On the other hand it was strongly contended in the argument of the case on the appeal that the expression, thus quoted from company's charter, being neither ambiguous nor obscure in its terms and not mentioning *stockholders* or their obligations, it must be interpreted according to the usual meaning of the language used in it, and be held to have been intended only to subject the *corporation* to those provisions of the Act of 1892 which relate to corporations, and not to impose any obligations upon the stockholders as individuals.

We do not deem it necessary to pass upon that contention because we are of the opinion that sec. 85L of Art. 23 of the Code *ex proprio vigore*, and independently of any reference to it in the charter of the City Trust Company imposes upon the stockholders of that corporation the liability to which it refers. It provides that "each stockholder shall be liable to the depositors and creditors of any such corporation for double the amount of stock at the par value held by such stockholder in such corporation." The pivotal question in the interpretation of this section is to what antecedent does the word *such* used in qualifying the word corporation refer? As the section formed part of the Act of 1892, ch. 109, we properly look to the previous sections of that Act for an answer to the question. Now in every section of that Act preceding the one under consideration the same expression "such corporation" is uniformly used until the first section which is sec. 85A in the Code is reached where we find the corporations to which the Act refers described as "Every safe deposit, trust, guaranty, loan and fidelity company or association incorporated under any law of this State or any other State, District or Territory of the United States or any foreign country" doing business in this State. Certainly the most natural and rational interpretation of sec. 85L is to hold that its provisions were

intended to apply to all corporations of the classes enumerated in sec. 85A which would include within its operation the City Trust and Banking Company.

The comprehensive expression used in sec. 85A "incorporated under any law of this State" must have been intended to include both general laws and special laws.    Throughout Art. 23 of the Code when its provisions are intended to apply only to corporations created under general law they are appropriately described as corporations "formed under this article" or "under the provisions of this article" or "under the general laws of this State" and when the provisions are intended to apply to corporations "formed under any special law of this State" they are so described.    It inevitably follows that when as in the present case the law in terms applies to every corporation of a specified kind "incorporated under any law of this State" it was intended to embrace all corporations of that kind formed under either general or special laws.

The declared purpose of the Act of 1892 was to add certain sections to Art. 23 of the Code, which is the general corporation law of this State enacted in obedience to a constitutional mandate, and therefore its various provisions must be given full force and effect as part of that law.    In *Cleaveland* v. *Mullin*, 96 Md. 603, we held that the Atlantic Trust and Deposit Company, incorporated under a special Act of Assembly, was subject to the operation of sec 88F of Art. 81 of the Code which requires "every corporation incorporated under any general or special law of this State" with certain exceptions to pay the bonus tax as a condition precedent to the exercise of any corporate powers.    In that connection we said :

"Whatever may be the terms employed in the Act of 1898, ch. 504, under which the Atlantic Trust Company was organized they are to be read and interpreted as subordinate to and not as a repeal or a modification of the broad and comprehensive provisions of secs. 88F *et seq.*, of Art. 81 of the Code. And this is so because the Legislature has declared that it

should be so; and because even if there were a doubt as to whether or not there existed a conflict between the company's charter and the general law, that doubt would be resolved against the corporation according to the familiar principle that a surrender of the power of the Legislature in any matter of public concern can never be presumed from uncertain or equivocal expressions. *L. & N. R. R. Co.* v. *Kentucky*, 161 U. S. 685." In that case it was held that there was in fact no conflict between the terms of the company's charter and the provisions of the general law then under consideration.

The reasoning there employed by us applies with equal force to the present case. There is here not even an appearance of conflict between the special charter of The City Trust Company and the provisions of sec. 85 L for the charter is absolutely silent as to the liability or non-liability of the stockholders for the debts of the company.

It was contended with great ability by the counsel for certain of the appellees that the construction which we have adopted of sec. 85 L making it apply to the stockholders of all classes of corporations described in sec. 85 A would render it altogether void. It is the evident intention, they say, of sec. 85 A to put all the corporations, foreign and domestic alike, carrying on business in this State upon the same footing, and that it is beyond the power of the State of Maryland to impose upon the stockholders of foreign corporations a liability for the corporate debts. They further say that sec. 85 L as we have construed it, is not merely invalid to the extent that it attempts to affect the stockholders of the foreign corporation but is wholly void, because the Courts will not construe it as intended to operate only so far as the State might legislate without transgressing the Federal Constitution.

It is well settled that a statute may be good in part and void in part and if the part that is valid is severable from that which is void it will be upheld and enforced by the Courts. *Steenken & Berkmeier* v. *State*, 88 Md. 708; *Field* v. *Malster*, 88 Md. 700; *Berry* v. *Drum Point R. R. Co.*, 41 Md. 446; *Mayor* v. *Dechert*, 32 Md. 384.

This doctrine has most frequently been applied to statutes of which the provisions of one or more sections were valid and those of other sections relating to other subjects were *ultra vires* or unconstitutional, but it also applies both upon reason and authority to cases like the present where the same provision of the statute affects different classes of objects as to some of which it is valid, and as to others it is *ultra vires*. *Hagerstown* v. *Dechert*, 32 Md. 384; *Dickhaut* v. *State*, 85 Md. 460–1. In *Massachusetts* v. *Gagne*, 10 L. R. A. 442, it was held that the lack of an express exception, from a State prohibitory law, of original packages of liquor imported from another State did not make the statute entirely void, but that it remained operative within its legitimate sphere. In *Pickard* v. *Pullman Car Co.*, 117 U. S. 1, a statute of Tennessee imposing a franchise tax on all sleeping cars, not owned by the roads on which they were used in that State, was held valid as to such of the cars as were used between points in that State, but invalid as to those cars which were employed in interstate commerce. In *McCulloh* v. *Virginia*, 172 U. S. 102, it was held that a statute of Virginia authorizing coupons to be received for all taxes was not wholly void, because certain special taxes and dues were by the State Constitution required to be paid in cash, but that it was void only as to those particular taxes. The Court in its opinion in that case say: "And if there were as it seems there were certain special taxes and dues which under the existing provisions of the State Constitution could not be affected by legislative action, the statute is to be read as though it in terms excluded them from its operation." With equal force it must be said that the Act now under consideration would not be wholly void even if we were to concede that this State has no power to impose upon the stockholders of foreign corporations liabilities not covered by the terms of the subscription to their stock, but it would still be valid as to the holders of stock in domestic corporations, and it should be read as if it excluded foreign corporations from its operation.

We will now consider the objection raised by the demurrer of multifariousness in the bill. Without the aid of the Act of

1904, chap. 337, the bill of complaint, uniting as it does the claims of different creditors against numerous stockholders, some of whom are indebted to one portion of the creditors and others of whom are indebted to a different portion of them, would under the recognized rules of equity pleading have been multifarious. But, as this Court has in *Albert* v. *Matthews*, 24 Md. 535, upheld the right of a number of creditors of a corporation to enforce in a single suit in equity the liability to them of a number of stockholders for the corporate debts, we think that the creditors who had come into the present case as plaintiffs were entitled to maintain it against such of the defendant stockholders as were liable to all of such creditors, and therefore it cannot be said that the Court had no jurisdiction to entertain the case. In that situation it was competent for the Legislature by the Act of 1904 to so modify the form of remedy or procedure in the pending case as to authorize its use as a means of enforcing the liability of all the stockholders to all of the creditors. There is no doubt that a State may by legislation from time to time regulate and modify the form of procedure in its own Courts, and may make such legislation apply to pending cases so long as it does not impair the validity of existing contracts or injure vested property rights. *Baugher* v. *Nelson*, 9 Gill, 297; *Elliott* v. *Elliott*, 38 Md. 357; *Madigan* v. *Building Association*, 73 Md. 321; *Willis* v. *Hodson*, 79 Md. 327: *Miners, &c., Bank of Lonaconing* v. *Walter Snyder*, decided at the present term of Court, *ante* p. 57.

The Act of 1904 provides distinctly that the exclusive remedy of the creditors for the enforcement of the liability of stockholders to them for the debts of the corporation shall be, as against all stockholders residing in Maryland, by a bill in equity in the nature of a creditor's bill filed against such stockholders by one or more creditors on behalf of themselves, and all other creditors of the corporation who may come in and make themselves parties thereto. The Act further provides that it shall become operative as of January 1st, 1903, and shall cause the abatement of all actions at law brought since that

date by creditors against stockholders, &c., "provided however that as to any plaintiff or plaintiffs in any of said abated suits who shall within sixty days after the passage of this Act *become a party or parties to a bill in equity* of the character mentioned in this section," the Statute of Limitation should be enlarged as therein provided. The language here employed in extending to the plaintiffs in the pending actions at law the privilege of coming into an equity suit would apply to a then existing equity suit with at least as great propriety as to one to be thereafter instituted. As everything can be accomplished by means of the pending suit which could be done by a new one, we see no reason why the additional expense of a new suit should be imposed upon the appellant and his co-plaintiffs.

All persons can come into the case as plaintiffs who are entitled, as creditors of the corporation, to hold liable for their debts any of the stockholders residing in Maryland or any non-resident stockholders who may take advantage of the statute and come into the case as defendants. If any of the stockholders residing in this State have not been made defendants, the bill should be amended so as to bring them in, and the existing case thus perfected will serve all of the purposes intended to be accomplished by the equity proceeding provided by the statute as the exclusive remedy for the enforcement of the stockholders liability to the creditors. We will therefore reverse the decree appealed from, and remand the case for such further proceedings in accordance with this opinion as may be found requisite.

We have already decided in the *Miners and Merchants Bank of Lonaconing* v. *Snyder, supra,* that the Act of 1904 abated all pending suits at law of creditors of The City Trust Company against its stockholders.

> *Decree reversed with costs and case remanded for further proceedings.*

(Decided January 17th, 1905.)