# SUPERIOR COURT OF BALTIMORE CITY.

Filed August 20, 1910.

S. GROSS HORWITZ AND WILLIAM S. THOMAS, RECEIVERS OF THE SOUTHERN TRUST AND DEPOSIT COMPANY,
VS.
NICHOLAS C. GANSTER.

*Wm. Shepard Bryan, Jr.*, for the receivers.

*Thos. Hughes, Oscar Wolff* and *F. E. Welsh, Jr.*, for defendant.

HARLAN, J.—

This is a suit by receivers of the Southern Trust and Deposit Company, an insolvent corporation, against the defendant, as stockholder thereof, to enforce the statutory liability of such stockholder under Chapter 101 of the Acts of 1904. The provisions of the Act are as follows:

"The stockholders of every such corporation, i. e., every safe deposit, trust, guaranty, loan and fidelity company incorporated under any law of this or of any other State, District or Territory, the United States or any foreign country receiving money on deposit or assuming any obligations in this State. See Murphy vs. Wheatley, 100 Maryland, 358, shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of every such corporation to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such stock. Persons having stock entered on the books of the corporation in their names as executor, administrator, guardian, trustee or pledgee, shall not be personally subject to any liability as such stockholders, but the person pledging the stock and the estate and funds in the hands of such executor, administrator, guardian or trustee shall be subject to the liability imposed upon the holders of said shares. And the liability of such stockholders shall be an asset of the corporation for the benefit ratably of the depositors and creditors of any such corporation, if necessary, to pay the debts of such corporation, and shall be enforceable only by appropriate proceedings by a receiver, assignee or trustee of such corporation, acting under the orders of a court of competent *jurisdiction, provided that* this section shall not affect the rights or remedies of any creditor or depositor under the existing laws of this State against the stockholders of any such corporation who were liable to any such creditor or depositor at the date of the passage thereof, to wit, March 18th, 1904; and provided, further, that nothing in this section shall be considered as a construction by the Legislature of the law hereby repealed." (As codified Code 1904, Article 23, Section 104.)

The liability of the stockholders of such corporations under the law as it existed at the time the Act of 1904 went into effect, was created by the Act of 1892, Chapter 9, Section 85L and was in these words, "Each stockholder shall be liable to the depositors and creditors of any such corporation for double the amount of stock at the par value held by such stockholder in such corporation."

The liability of the stockholder under the Act of 1892, Chapter 9, Section 85L, was not a corporate asset, enforceable by a receiver of the corporation, but it was a debt due directly by the stockholder to those persons who became creditors while he held his stock. Miners' Bank vs. Snyder, 100 Md. 67.

Any creditor of the corporation, whose debt was due and unpaid, might select any stockholder of the corporation who was a stockholder at the time he became such creditor and had a right to recover his debt irrespective

of the solvency of the corporation from such stockholder to the extent of double the par value of his stock.

But stockholders were not liable under Section 85L for debts due creditors who became such prior to the dates at which such stockholders acquired their stock. Murphy vs. Wheatley,. 102 Md. 516.

The legislature of 1904, whatever else it may have intended, undertook, first, to cut down the stockholder's liability, as to future creditors, from a liability to an amount double the par value of his stock to a liability equal to the par value of his stock, if necessary to pay the debts of the corporation, and to take away the right of creditors who should become such after the passage of the act to bring individual suits and make the stockholders' liability an asset of the corporation for the benefit ratably of the depositors and creditors of any such corporation, if necessary to pay the debts of the corporation, to be enforceable only by a receiver, assignee or trustee of such corporation, acting under the orders of a court of competent jurisditcion.

Second. To preserve all the rights of existing creditors, although by Chapter 337 of the same session the exclusive remedy for the enforcement of the claims of existing creditors against stockholders was made a bill in equity in the nature of a creditors' bill against all of the stockholders residing in this State, with the privilege of non-resident stockholders to come into the case, and by so doing secure protection against suits in other jurisdictions.

The validity of the latter act was sustained in Miners' Bank vs. Snyder, 100 Md. 57; Murphy vs. Wheatley, 100 Md. 358, and Pittsburgh Steel Company vs. Baltimore Equit. Soc., Daily Record, April 19th, 1910. So far, therefore, as existing creditors of such corporations were concerned, the law did not intend, and, it has been adjudicated, did not change their substantial rights against stockholders who were such when their debts were contracted. So far as future creditors are concerned, there were no rights in existence to be affected, and it would seem there could be no question as to the validity of the legislation.

So far as existing stockholders were concerned, it is difficult to see how their rights were injuriously affected. To diminish the amount of one's liability does not as to him impair the obligation of a contract.

The declaration in this case was filed on January 10th, 1910. It alleges the chartering of the Southern Trust and Deposit Company on April 5th, 1900, by Chapter 299 of the Acts of 1900, the regular organization of the company, on June 14th, 1901, the doing of certain acts necessary to enable it to begin prosecution of business, recites in totidem verbis the charter, showing the authorized capital stock to consist of 5,000 shares of the par value of $50 each, alleges that the defendant became the owner of twelve shares of the capital stock by transfer to him on October 17th, 1904, sets forth the proceedings in the Circuit Court No. 2 of Baltimore City, a court of competent jurisdiction, wherein on June 15th, 1909, the Southern Trust and Deposit Company was decreed to be insolvent, the appointment of the plaintiffs in this suit as receivers, their authority and alleges that on November 20th, 1909, in appropriate proceedings in the above mentioned consolidated cases, the said Circuit Court No. 2 had directed the receivers by appropriate proceedings to enforce the statutory liability of the stockholders "to pay an amount to said receivers equal to the par value of the stock of said company held by them respectively, the same being necessary to pay the debts of the Southern Trust and Deposit Company and the plaintiff further said that the defendant being the owner or holder of twelve shares of the stock of the Southern Trust and Deposit Company, there is due him to the plaintiffs, as receivers of the Southern Trust and Deposit Company, the sum of $600. And the plaintiffs further say that demand has been made on the defendant to pay to the plaintiffs herein the said sum of $600, but the defendant notwithstanding has refused to make said payment, whereupon the plaintiffs bring this suit. And the plaintiffs claim $1,200 damage."

To this declaration the defendant has filed a demand for a bill of particulars in the following words: "The defendant, N. C. Ganster, by Thomas Hughes, Oscar Wolff and Frank E. Welsh, Jr., his attorneys, demands from the plaintiffs the particulars of their claim.

The memorandum of the particulars requested to be furnished by the plaintiffs is as follows: "The charter granted to the company is for numerous purposes, including banking purposes, also that of a safe deposit company, a trust company, a guarantee company, a land company, a trading company and various other powers, and the defendant is entitled to have set forth the particulars of the claim for which suit is brought by the receivers, for the defendant is not liable for any claim anterior to the defendant's acquisition of stock, nor to the receivers for any claims except those incurred by the corporation while in the exercise of that particular power conferred by its charter where the receivers are authorized by law to represent creditors; it nowhere appearing so that it is within the power of this defendant to ascertain either what claim in point of time the receivers' suit is for, nor what claims in point of character; namely, how such claim was incurred and under that power of the corporation, the particulars of which claim will furnish such information as to enable this defendant to make a proper defense thereto."

This demand for a bill of particulars is based upon the claim that the receivers are seeking to recover against the defendant for all of the debts of the corporation, and that inasmuch as there are some debts of the corporation for which the stockholders cannot be made liable in a suit by the receivers, the defendant is entitled to a bill of particulars, which will show exactly what are the claims for which the suit is brought by the receivers.

The debts which it is thought should not be included in the receivers' suit are (a) what are called banking debts, (b) debts which accrued anterior to the defendant's acquisition of stock, and (c) debts due to existing creditors at the time of the passage of the Acts of 1904.

(A.) As to the so-called banking debts the argument is that this corporation had conferred upon it by its charter numerous powers, and among others, certain powers which are designated as banking powers, that by the Constitution of the State, Article III, Section 39 it is stipulated that "the General Assembly shall grant no charter for banking purposes * * * except upon the condition that the stockholders shall be liable to the amount of their respective share or shares of stock in such banking institution for all its debts and liabilities upon note, bill or otherwise," that in Colton vs. Myer, 90 Maryland 711, the Court of Appeals construing a statute containing the exact language of this condition, determined that the liability thereby created was a liability directly to the creditors, and that it could not be enforced by receivers.

With reference to this argument it may be said, first, that because this corporation had conferred upon it some of the powers that are ordinarily exercised by banks it by no means follows that it was a corporation for "banking purposes" within the meaning of the Constitutional provision above quoted; second, that there is nothing in Colton vs. Myer, 90 Md. 711, which holds that it would not be competent for the Legislature by apt language to confer upon receivers power to sue and enforce against stockholders a liability for the benefit of creditors, but merely that language, such as quoted, did not give such power; third, that the clear object of the Constitution was to impose upon the legislature the duty of fixing upon stockholders of corporations created for banking purposes a liability in favor of the creditors equal to the amount of their respective shares of stock, and even if this meant that creditors were to have the right to sue the stockholders directly, and to recover from them to the amount named, it did not prohibit the legislature from creating as against the shareholders of corporations which should become insolvent a liability to be sued individually by receivers duly appointed for such pro rata sum up to the amount of the par value of their respective shares of stock as might be necessary to pay the debts of the corporation. The creditors can, of course, receive but one satisfaction, and the stockholder who has responded in a suit to the full extent of the liability imposed upon him, can, by timely action in the proper court, protect himself from further responsibility.

(B.) As to debts which accrued anterior to the defendant's acquisition of stock. It will be noted that the defendant, Ganster, appears by the declaration to have acquired his stock after

the passage of the Act of 1904, Chapter 101, and he must be held to have acquired it with knowledge of the obligations which would attach thereto.

This act contains nothing which shows an intention on the part of the legislature to confine the liability of the stockholders of an insolvent corporation to the debts due those creditors who became creditors while they were stockholders.

Its manifest purpose it seems to me was to change radically the prior law and the construction which we have heretofore seen had been placed upon it by the Court of Appeals, and to make all the stockholders of the corporation at the date of the insolvency individually. responsible equally and ratably, and not one for another, to an amount up to the par value of their stock, so far as necessary to pay the debts of the corporation, that is, so far as the assets of the corporation were insufficient, in suits instituted by receivers properly appointed, and to entrust to the court adjudicating the insolvency and appointing the receivers the ascertainment of the assets and liabilities of the corporation and the pro rata amount for which each stockholder would be liable up to the amount of the par value of his stock. If it was not competent for the legislature to do this as to stockholders of existing corporations or those who subsequently acquired their stock the question should be raised otherwise than by a demand for a bill of particulars.

(C.) With reference to debts due existing creditors at the time of the passage of the Acts of 1904, Chapter 101, and as to which the rights of such creditors were preserved by that act, although their remedy was made a bill in the nature of a creditors' bill, as has hereinbefore been pointed out, the claim that the defendant has a right to have the particulars of the plaintiffs' claim stated so that it may appear whether the receivers are seeking to recover from the defendant for debts due such creditors is met by the suggestion that it is not the right of such creditors to another remedy which is material but whether they have availed themselves of it. If the stockholder has responded in proper proceedings to the amount of his statutory liability for the debts due creditors, he has met the obligation imposed upon him.

The corporation having been adjudicated insolvent, and a proper court having ascertained the extent of the insolvency and the amount necessary for the stockholders to contribute pro rata not in excess of the par value of the stock held by them, it would not be a defense that some of the creditors whose claims have been taken into account have a remedy which they may avail themselves of if they see fit.

If any stockholder should satisfy the demand of the receivers, and a subsequent suit were brought against him by creditors who became such while he was a stockholder, and whose claims were in existence when the Act of 1904 became operative, there can be no doubt that he could plead the payment so made in partial satisfaction, at least, of his stockholder's liability under the bill in nature of the creditor's bill, even if such bill could be maintained in favor of those creditors who had claimed in the proceeding wherein the insolvency was adjudicated and the receiver appointed.

The demand for a bill of particulars is proper "where the pleadings is so general as not to give sufficient notice to the opposite party of the evidence to be offered in support of it." Code, Article 75, Section 24, Sub-Section 107.

The case of the plaintiffs, as disclosed by the declaration, is that on proper proceedings by a court of competent jurisdiction the pro rata amount for which the defendant as a stockholder in an insolvent corporation, the Southern Trust and Deposit Company, is individually responsible equally and ratably with the other stockholders as necessary to pay the debts of the corporation has been judicially determined to be an amount equal to the par value of the stock held by him, that this sum has been demanded and has not been paid, and that under the direction of the aforesaid court, and in accordance with the statute, the suit is brought to recover it.

It is manifest that the evidence to be offered to substantiate this claim as to the amount for which a recovery is sought will be the proceedings in the Circuit Court No. 2, and the adjudication and decree of that court fixing the amount necessary for the stockholders to contribute.

If these proceedings are so irregular as to be without jurisdiction, or if the

defendant was not so far a party to that suit as to be bound by its decree, the evidence can be objected to when offered, but it does seem to me that it was the clear intention of the legislature by the Act of 1904, Chapter 101, to entrust to the court in which proceedings are taken for the appointment of receivers of such insolvent corporation the conclusive determination of the pro rata amount necessary to be paid by each stockholder.

If each stockholder when sued for the pro rata amount as found necessary could in the individual suit contest the validity and amount of all claims against the corporations and the extent and value of the assets, litigation would be interminable.

The power of a Court of Equity over stockholders not in their individual capacity parties to the cause, in an analogous proceeding to determine conclusively, the amount to be assessed upon capital stock for the purpose of paying the debts of an insolvent corporation was settled in Glenn vs. Williams, 60 Maryland 93.

The motion of the plaintiffs to strike out the demand for a bill of particulars will be granted.