THE ROBERT DOLLAR COMPANY, Respondent, *v.* CANADIAN CAR AND FOUNDRY COMPANY, LIMITED, Appellant, Impleaded with Others.

Statutory construction — if a statute contains both valid and invalid provisions which can be separated, only the latter are to be disregarded — it will be upheld as to the class which may be constitutionally covered — when a statute is constitutional as to one class of persons, one belonging to that class cannot raise the objection that it is unconstitutional as to others — when service of process upon officer of a foreign corporation can be made under Code Civ. Pro. § 432, subd. 1, so as to confer jurisdiction over such corporation.

1. Where a single section of a statute attempts or purports to cover two entirely distinct and separable classes of cases, one properly and the other improperly, it may be upheld as to the class

which constitutionally may be thus covered, even though condemned as to the other.

2. The rule is well established that a person belonging to a class constitutionally covered by a statute cannot raise the objection when enforcement is sought against him, that the statute is unconstitutional as to some one else.

3. The requirements for due process as the basis of a judgment whereby a defendant may be deprived of its property are not satisfied by service in this state upon an officer of a foreign corporation having no business here and who is temporarily within the state for his own purposes. (*Riverside & Dan River Cotton Mills* v. *Menefee*, 237 U. S. 189; *Bagdon* v. *Phil. & Reading C. & I. Co.*, 217 N. Y. 432, followed.)

4. The statute (Code Civ. Pro. § 432, subd. 1) providing for the service of process on a foreign corporation by delivery of a copy of the summons to one of the officers therein named within the state does not in express terms purport to authorize service upon a foreign corporation not doing business here simply because it might be possible to find one of its officers temporarily within the state. It provides generally for service upon a corporation which is " a defendant" and this language fairly can be interpreted as meaning that in a case where constitutionally and legally a foreign corporation can be made a defendant in our courts the summons shall be served upon it in the manner provided. Thus considered the statute is not unconstitutional. Hence, valid service of a summons may be made in a proper case and jurisdiction of a foreign corporation doing business in this state acquired under that provision.

*Dollar Co.* v. *Canadian Car & Foundry Co.*, 175 App. Div. 935, affirmed.

(Argued January 15, 1917; decided March 6, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 24, 1916, which affirmed an order of Special Term granting a motion for the appointment of a referee to take the deposition of the president of the defendant, appellant.

The following questions were certified: "I. In an action in the New York Supreme Court, wherein a foreign corporation is plaintiff and another foreign corpora-

tion doing business in the state of New York is defendant, does personal service of the summons on the defendant corporation made in compliance with the provisions of section 432, subdivision 1, of the Code of Civil Procedure, operate to give the court jurisdiction over such defendant corporation ?   II.  Is section 432 of the Code of Civil Procedure constitutional in so far as it prescribes the method of making personal service of a summons upon a defendant foreign corporation doing business in the state of New York in an action in the New York Supreme Court wherein the plaintiff is a foreign corporation ? "

The facts, so far as material, are stated in the opinion.

*T. Ludlow Chrystie* and *Francis K. Raynor* for appellant.   Section 432, subdivision 1, of the Code of Civil Procedure attempts to provide and was intended to provide for obtaining jurisdiction of the person of a foreign corporation irrespective of whether or not said foreign corporation was doing business within the state.   The language is all embracive and contains no limitation or exception.   (*Pope* v. *Terre Haute Car & Mfg. Co.*, 24 Hun, 238; 87 N. Y. 137; *Barnett* v. *C. & L. H. R. R. Co.*, 4 Hun, 114; *Hiller* v. *B. & M. R. R. Co.*, 70 N. Y. 223; *A. & P. Tel. Co.* v. *B. & O. R. R. Co.*, 14 J. & S. 377; 87 N. Y. 355; *Miller* v. *Jones*, 67 Hun, 281; *Persons* v. *Buffalo City Mills Co.*, 29 App. Div. 45; *Buell* v. *B. & O. S. R. R. Co.*, 39 App. Div. 236; *Johnston* v. *Mut. Life Ins. Co.*, 104 App. Div. 550.)   A statute that provides for obtaining jurisdiction of the person of a foreign corporation irrespective of whether said corporation is doing business within the state contravenes the due process clause of the Fourteenth Amendment to the Constitution of the United States, and is, therefore, unconstitutional and void.   (*Riverside & D. River Cotton Mills* v. *Menefee*, 237 U. S. 189; *Bagdon* v. *P. & R. Coal & Iron Co.*, 217 N. Y. 432; *Pomroy* v. *Hocking Valley Ry. Co.*, 218

N. Y. 530.) The court cannot now restrict the application of subdivision 1 of section 432 to corporations doing business within the state and thus uphold it as constitutional. (*Pomeroy* v. *H. V. Ry. Co.*, 218 N. Y. 530; *United States* v. *Reese*, 92 U. S. 214; *Trade Mark Cases*, 100 U. S. 82; *Baldwin* v. *Franks*, 120 U. S. 678; *Allen* v. *Louisiana*, 103 U. S. 80; *Virginia Coupon Cases* [*Poindexter* v. *Greenhow*], 114 U. S. 270; *Presser* v. *Illinois*, 116 U. S. 252; *Spraigue* v. *Thompson*, 118 U. S. 90; *International Text Book Co.* v. *Pigg*, 217 U. S. 91.)

*Frederic E. Mygatt* and *William M. Wherry, Jr.*, for respondent. The service of the summons herein upon the defendant Canadian Car and Foundry Company, Limited, was lawful and the statutes pursuant to which such service was made are not in contravention of the Constitution of the United States nor of the due process clause of section 1 of the Fourteenth Amendment thereof. (*Grant* v. *Cananea Copper Co.*, 189 N. Y. 241; *Bagdon* v. *P. & R. C. & I. Co.*, 217 N. Y. 432; *Barrow S. S. Co.* v. *Kane*, 170 U. S. 100; *Lumberman's Assn.* v. *Meyer*, 197 U. S. 407.)

HISCOCK, Ch. J. The parties to this action are both foreign corporations. The action is brought by respondent as assignee to recover a large amount alleged to be due on account of commissions upon or participation in certain war contracts with the Russian government, and it was commenced by service of the summons and complaint upon one of the appellant's officers within the state of New York in accordance with the provisions of subdivision 1 of section 432 of the Code of Civil Procedure. A motion having been made to set aside the service of the summons on the ground amongst others that the appellant was not doing business within this state and, therefore, was not subject to service therein, a motion was made by the respondent for a deposition to secure evi-

dence from the president of the appellant for use in opposing that motion, and in opposition to this last motion it was and is argued that the Code provision just referred to is unconstitutional and void even as to a foreign corporation doing business in this state, because it inseparably provides for service upon foreign corporations not doing business as well as upon those doing business within the state. Under these circumstances the questions have been certified to us, in effect, whether in such a case as this valid service of a summons may be made and jurisdiction of a foreign corporation doing business in this state acquired by service of a summons under said provision of the Code. For the purposes of this discussion we shall assume that those questions are involved in the appeal now before us and proceed to their decision.

Said section by its title refers to service of a summons " upon a foreign corporation," and it provides:

" Personal service of the summons upon a defendant, being a foreign corporation, must be made by delivering a copy thereof, within the State, as follows:

" 1. To the president, vice-president, treasurer, assistant treasurer, secretary or assistant secretary," etc.

As has been stated, it is the claim of the appellant that this section indiscriminately provides for service upon a foreign corporation not doing business within the state as well as upon one which is thus doing business, and it is asserted that inasmuch as it has now been determined that general jurisdiction cannot thus be obtained of a foreign corporation of the former class, this provision must fall as an entirety and even in the case of a corporation doing business within the state and for service upon which provision might constitutionally have been made.

The attempt was made to present this question to this court in the case of *Pomeroy* v. *Hocking Valley Railway Company* (218 N. Y. 530), but we were of the opinion that while the question was one worthy of careful consideration it was not there fairly presented.

We shall consider first the question whether, either because that is its fair meaning or because we are irrevocably committed to that construction, we must interpret the section as unconstitutionally attempting to authorize service of a summons upon a foreign corporation not doing business within the state by delivery to an officer incidentally here.

The statute does not in express terms purport to authorize service upon a foreign corporation not doing business here simply because it might be possible to find one of its officers temporarily within the state. It provides generally for service upon a corporation which is "a defendant" and this language fairly and without strain can be interpreted as meaning that in a case where con stitutionally and legally a foreign corporation can be made a defendant in our courts the summons shall be served upon it in the manner provided. A statute which points out how personal service of process may be made upon a defendant reasonably seems to be considering a case where a litigant can be made a defendant legally in our courts, rather than one in which our courts cannot constitutionally acquire jurisdiction by purported service of process. It is more rational to assume that the legislature intended to point out the details of method by which service might be made, where it was constitutionally possible to make service, than that it was attempting to provide for service upon corporations which could not thus legally be brought within the jurisdiction of our courts and where service if in form made would be vain. If it is permissible thus to interpret the section it is the duty of the court to do it. This familiar rule that the courts must if possible give a valid rather than an invalid interpretation to a statute is expressed in *McCullough* v. *Virginia* (172 U. S. 102, 112) in language which is peculiarly applicable to the present case. It is there said:

"It is elementary law that every statute is to be read in the light of the Constitution. However broad and

general its language, it cannot be interpreted as extending beyond those matters which it was within the constitutional power of the legislature to reach. It is the same rule which obtains in the interpretation of any private contract between individuals * * *. So, although general language was introduced into the statute of 1871, it is not to be read as reaching to matters in respect to which the Legislature had no constitutional power, but only as to those matters within its control." (See, also, *People ex rel. Sinkler* v. *Terry,* 108 N. Y. 1, 7.)

As we study the vigorous argument of the appellant's counsel, it does not seem to be by him much disputed that if the interpretation of this statute were now before us as an original question we might so interpret the same as to make it applicable to foreign corporations doing business within the state, and, therefore, valid. But it is argued that this court formerly decided that jurisdiction might be acquired of a foreign corporation not doing business within the state, by service of a summons on an officer thereof incidentally passing through the state, and that thereby we have so fixed the meaning of this statute that we cannot now give to it an interpretation which will be constitutional. That does not seem to us to be a correct proposition.

Giving to the cases cited by appellant's counsel, and of which *Pope* v. *Terre Haute Car & Mfg. Co.* (87 N. Y. 137) may be regarded as the leading one, all of the effect which can fairly be claimed for them, we find that this court originally was of the opinion that jurisdiction could constitutionally be acquired of a foreign corporation although not doing business in this state, by service of process upon an officer temporarily and incidentally here, and that such service would comply with the due process provisions of the Constitution. Adopting this view, the court necessarily interpreted the indeterminate language of section 432, subdivision 1, as meaning and

including such a corporation in its provisions for service of a summons. Observance of the rule already adverted to fully justified the interpretation of the statute that when it provided generally for service upon foreign corporations it was intended to include such an one as we have been describing if it could be thus properly served, as it was then being held it could be.

By giving this interpretation the courts did not read into the statute any new words or affix any new, peculiar or unalterable meaning to the words which were there. It simply held that the language which was used was intended to include foreign corporations which could be constitutionally and legally made defendants in our courts and be properly served with process in the manner pointed out by the statute and that inasmuch as a foreign corporation, even though not doing business in the state, was such an one, the statute should be interpreted as authorizing service upon it.

Subsequently the Supreme Court of the United States disagreed with the views of this court and held that the requirements for due process as the basis of a judgment whereby a defendant was deprived of its property were not satisfied by service upon an officer of a foreign corporation having no business here and who was temporarily within the state for his own purposes. (*Riverside & Dan River Cotton Mills* v. *Menefee*, 237 U. S. 189.)

This court, as was its duty in respect of such a question, yielded to the views of the Supreme Court. (*Bagdon* v. *Phil. & Reading C. & I. Co.*, 217 N. Y. 432.) Thus a constitutional interpretation has been established different than that which was entertained by the court when the *Pope* case was decided. The language of section 432 remains precisely as it was then and the rule governing our interpretation of it remains unchanged, and it seems to us that we are now bound to give to its language an interpretation which is in accordance with and not in defiance of the Constitution, even though such interpre-

tation is different than the one which was given under a former and, as it must now be assumed, mistaken idea of the law.   The obligation to construe the statute in accordance with the Constitution remains constant, and if the definition of the requirements of the Constitution in respect of this question has been changed, it seems inevitably to follow that we must place upon the statute a construction which will be so modified as to be in accordance with the later view.

We go in the second place to the consideration of another answer which we think may be made to the appellant's contention.

If we should assume that the statute by entirely separable and distinct sections had provided for service of a summons both upon foreign corporations doing business within the state and, therefore, constitutionally subject to such service, and upon corporations not doing business within the state and not constitutionally subject to service, there is no question that the statute might be upheld as to the one class, even though it fell as to the other.   We think that the same rule in principle is applicable where a single section of a statute attempts or purports to cover two entirely distinct and separable classes of cases, one properly and the other improperly, and that it may be upheld as to the class which constitutionally may be thus covered, even though condemned as to the other.

Judge Cooley states the rule: "A legislative act may be entirely valid as to some classes of cases, and clearly void as to others.   A general law for the punishment of offences, which should endeavor to reach, by its retroactive operation, acts before committed, as well as to prescribe a rule of conduct for the citizen in the future, would be void so far as it was retrospective; but such invalidity would not affect the operation of the law in regard to the cases which were within the legislative control.   A law might be void as violating the obligation of existing contracts, but valid as to all contracts which should be entered into

subsequent to its passage, and which therefore would have no legal force except such as the law itself would allow. In any such case the unconstitutional law must operate as far as it can. * * * If there are any exceptions to this rule, they must be of cases only where it is evident, from a contemplation of the statute and of the purpose to be accomplished by it, that it would not have been passed at all, except as an entirety, and that the general purpose of the legislature will be defeated if it shall be held valid as to some cases and void as to others." (Cooley Const. Limitations [7th ed.], p. 250.) And this rule has been upheld in the cases of statutes consisting like the present one of a single undivided provision by the following authorities: *Supervisors* v. *Stanley* (105 U. S. 305); *Commonwealth of Mass.* v. *Gagne* (153 Mass. 205); *Murphy* v. *Wheatley* (100 Md. 358); *Norman* v. *Boaz* (85 Ky. 557); *McCullough* v. *Virginia* (172 U. S. 102); *Commonwealth* v. *Kimball* (24 Pick. [Mass.] 359, 362); *Purdy* v. *Erie R. R. Co.* (162 N. Y. 42, 47, 48); *People* v. *O'Neil* (109 N. Y. 251, 261, 262); *Tiernan* v. *Rinker* (102 U. S. 123, 127); *Packet Co.* v. *Keokuk* (95 U. S. 80).

In the *Stanley* case (*supra,* 311) the court was considering a single section of a state statute relating to taxation of bank shares. According to the interpretation placed upon it by this court (*People* v. *Dolan,* 36 N. Y. 59) it did not provide for the deduction from the assessed value of shares of debts owing by the owner of stock in national banks and therein it conflicted with the act of Congress pertaining to national banks, and the question was whether it should be upheld in the case of certain bank shares although it was invalid as to others. It was held that it should be, the court saying: "It would seem that if the act remains a valid rule of assessment for shares of State banks, and for individual bankers, it should also remain the rule for shareholders of national banks who have no debts to deduct, and who could not, therefore,

deduct anything if the statute conformed to the requirements of the act of Congress.

"It is very difficult to conceive why the act of the legislature should be held void any further than when it affects some right conferred by the act of Congress. If no such right exists, the delicate duty of declaring by this Court that an act of State legislation is void, is an assumption of authority uncalled for by the merits of the case, and unnecessary to the assertion of the rights of any party to the suit.

"The general proposition must be conceded, that in a statute which contains invalid or unconstitutional provisions, that which is unaffected by these provisions, or which can stand without them, must remain. If the valid and invalid are capable of separation, only the latter are to be disregarded."

In *McCullough* v. *Virginia* (*supra*, 112) the court was considering the validity of a statute passed by the state of Virginia pertaining to the rights of holders of bonds to use the coupons thereof in payment of taxes, debts and demands due to the state, and the statute purported to cover two classes of bonds, those which entitled the owner to use the coupons in payment of taxes, and those which did not confer any such privilege, and the court speaking of this statute said: "So, although general language was introduced into the statute of 1871, it is not to be read as reaching to matters in respect of which the legislature had no constitutional power, but only to those matters within its control. And if there were, as it seems there were, certain special taxes and dues which under the existing provisions of the state constitution could not be affected by legislative action, the statute is to be read as though it in terms excluded them from its operation."

In *Commonwealth* v. *Kimball* there was involved a single statutory provision forbidding a person to retail or sell spirituous liquors, etc., unless first licensed and it was claimed that this statute was unconstitutional so far as it

related to sales by an importer in the original packages of spirits imported from another state, and Chief Judge SHAW writing for the court says (24 Pick. 362): "Be it so; what is the consequence ? Supposing the law could be construed to be repugnant to the constitution of the United States, in so far as it prohibited the sale of imported spirits by the importer in the original package, it would be void thus far and no further, and in all other respects conforming to the acknowledged power of the State government, it would be in full force.  Whether legal enactments, some of which it is competent for the legislature to make, and others not, are contained in the same or in different sections of a statute, can make no difference.  It is not the defect of form, but of power, that invalidates any of them; it is, therefore, the subject matter, and not the arrangement of the language in which it is embodied, that is to be regarded in deciding whether any provision is constitutional or not."

In the *Wheatley* case it was written (100 Md. 365): "This doctrine (upholding one provision of a statute although another was unconstitutional) has most frequently been applied to statutes of which the provisions of one or more sections were valid and those of other sections relating to other subjects were *ultra vires* or unconstitutional, but it also applies both upon reason and authority to cases like the present where the same provision of the statute affects different classes of subjects, as to some of which it is valid, and as to others it is *ultra vires.*"

It does not seem necessary to spend much time in consideration of the proposition that the present statute does not come within the exception to the rule just stated, made in the cases of statutes where the scheme of the legislation is such an entire one that it seems probable the legislature would not have legislated concerning one class of cases if it could not include all. There is no occasion to doubt but every reason to believe

that the legislature would have provided for constitutional service upon foreign corporations doing business in the state even though it could not reach some other class.

We, of course, do not overlook the cases of *Cella Commission Co.* v. *Bohlinger* (147 Fed. Rep. 419); *U. S.* v. *Reese* (92 U. S. 214); the *Trade Mark Cases* (100 U. S. 82), and *Baldwin* v. *Franks* (120 U. S. 678) especially relied on by the appellant as establishing the proposition that the present statute cannot be upheld as to foreign corporations doing business within the state if condemned as to those not so doing business within the state.

The first case was concerned with a statute like the present one providing for service on foreign corporations, and it was held that the statute so clearly included foreign corporations without as well as within the constitutional jurisdiction of the state that it could not be upheld as to the latter if invalid as to the former; that both were " embodied in a single general clause and included in a single declaration " and that the constitutional and unconstitutional parts of the statute were not separable so that each might be read and stand by itself.

If we have interpreted correctly the decisions already cited, they are opposed to the doctrine thus apparently announced that a statute consisting of a single provision relating to two entirely distinct classes of objects cannot be upheld as to one class and not as to the other. So far as the other cases are concerned they recognize the general rule that where the provisions of a statute are separable, it may be upheld in part and condemned in part. It was simply held by the court in those particular cases that the statutes there under review did not come within the application of such rule. This was clearly pointed out in a review of the *Reese* and *Trade Mark* cases in *Supervisors* v. *Stanley* (*supra*, p. 312).

Again and aside from the view just expressed the rule

is well established that a person belonging to a class constitutionally covered by a statute cannot raise the objection when enforcement is sought against him, that the statute is unconstitutional as to some one else. The courts hold themselves justified in the position that it will be time enough to consider complaints against some aspect of the statute when a person injured thereby comes forward with a request for relief. (Cooley Const. Limitations, p. 250; *Norman* v. *Boaz*, 85 Ky. 557; *Commonwealth* v. *Kimball*, 24 Pick. [Mass.] 359, 362; *P. C. C. & St. L. Ry. Co.* v. *Montgomery*, 152 Ind. 1; *City of Kansas City* v. *Union Pac. Ry. Co.*, 59 Kan. 427; *Clark* v. *Kansas City*, 176 U. S. 114, 118; *Packet Co.* v. *Keokuk*, 95 U. S. 80, 89; *Smiley* v. *Kansas*, 196 U. S. 447, 457.) In the last case approval is given to the rule stated as follows: " He (one objecting to the validity of a statute) cannot be heard to object to the statute merely because it operates oppressively upon others. The hurt must be to himself. The case, under appellant's contention as to this point, is not a case of favoritism in the law. It is not a case of exclusion of classes who ought to have been included   *   *   *, but it is the opposite of that. It is a case of the inclusion of those who ought to have been excluded. Hence, unless appellant can show that he himself has been wrongfully included in the terms of the law, he can have no just ground of complaint. This is fundamental and decisively settled."

For these reasons we think that the order appealed from should be affirmed, with costs, and the questions certified to us answered in the affirmative.

CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Order affirmed.