JAMES WALTER MEYER, Respondent, v. ANGELO J. BARBATO, Appellant. (Appeal No. 2.) — Order affirmed, with ten dollars costs and disbursements. The complaint in this action alleges that the $5,000 which plaintiff agreed to pay was to be paid to the copartnership and not to the defendant individually. His complaint is for a dissolution of the copartnership, and part of the relief demanded is an injunction against the defendant prohibiting him from collecting partnership assets. Within the terms of the complaint the prayer for injunction would include the collection of the $1,000 unpaid of the $5,000. The present order, although called a stay, is in reality an injunction pending the action within the terms of the relief asked for in the complaint. Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.

NORMA CHOCOLATE COMPANY, Respondent, v. P. M. LEAVITT COMPANY, Appellant, and KINGS COUNTY TRUST COMPANY, Defendant.— Order reversed, with ten dollars costs and disbursements. Motion to continue injunction *pendente lite* denied and preliminary injunction vacated, with ten dollars costs, upon authority of *Frey & Son, Inc.*, v. *Sherburne Co.* (193 App. Div. 849); *Gambrill Mfg. Co.* v. *American Foreign Banking Corp.* (194 id. 425); *Shapiro Candy Mfg. Co.* v. *Reiter* (GIEGERICH, J., N. Y. L. J., Dec. 13, 1920); *El Reno Grocery Co.* v. *Lamborn* (COHALAN, J., N. Y. L. J., Dec. 15, 1920). Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concur.

HELEN A. STOTHOFF, Respondent, v. JAMES H. STOTHOFF, Appellant.— Judgment reversed, without costs. Findings of fact Nos. 4 and 5 in the decision of the court reversed. Proposed findings of defendant found, and judgment directed for the defendant dismissing the complaint on the merits, without costs. No opinion. Jenks, P. J., Rich, Blackmar, Kelly and Jaycox, JJ., concur.

AMERICAN RATTAN & REED MANUFACTURING COMPANY, INC., Respondent, v. HANDEL-MAATSCHAPPIJ MORAUX & COMPANY, Appellant. (Appeal No. 2.) — Order reversed, with ten dollars costs and disbursements, and motion to set aside service of summons granted, with ten dollars costs. Upon the proof submitted to the Special Term, the persons served with the summons were not officers or agents of the defendant foreign corporation within section 432 of the Code of Civil Procedure. (*Riverside Mills* v. *Menefee*, 237 U. S. 189; *Dollar Co.* v. *Canadian C. & F. Co.*, 220 N. Y. 270; *Coler* v. *P. B. Co.*, 146 id. 281; *Josephy* v. *Kansas City, Mexico & Orient Railway*, 180 App. Div. 314; *Berner* v. *Collier Co., No. 1*, 179 id. 732; *Lanzner* v. *Allyne Brass Foundry Co.*, Id. 892.) Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concur.