ALFRED I. LAING, Respondent, *v.* THE BRISTOL BRASS COR-
PORATION, Appellant.

First Department, November 4, 1921.

Corporations — foreign corporations — service of process — service
of summons upon director of defendant in State temporarily on
business of another concern insufficient where defendant was not
doing business here.

Service of summons upon a director of the defendant, a foreign corporation,
while temporarily within the State of New York upon business as an
employee of another concern, was insufficient to give the court jurisdiction,
where defendant had no branch office or agency in this State and had
never received a certificate of authority to do business here under section
15 of the General Corporation Law and was not, and never had been
engaged in business in this State.

APPEAL by the defendant, The Bristol Brass Corporation,
from an order of the Supreme Court, made at the New York
Special Term and entered in the office of the clerk of the county
of New York on the 14th day of June, 1921, denying defend-
ant's motion to set aside service of the summons herein.

*Henry W. Sykes,* for the appellant.

*Joseph H. Kohan* of counsel [*Petersen, Steiner & Kohan,*
attorneys], for the respondent.

PER CURIAM:

The defendant is a foreign corporation, organized under and
by virtue of the laws of the State of Connecticut, having its
principal place of business at Bristol in that State. Service
of the summons was attempted to be made upon the defendant
by service thereof upon a director of the defendant, who was
temporarily within the State of New York as an employee of
another concern unconnected in any way with the defendant.
The affidavits used upon the application to vacate service of
the summons herein conclusively show that at the time of
such service the defendant was not, and never was, engaged
in business in the State of New York. The defendant has no
branch office or agency in this State, nor has it ever received
a certificate of authority to do business here under section 15
of the General Corporation Law (as amd. by Laws of 1917,

chap. 594), nor has it ever made application to the Secretary of State for such certificate of authority to do business in the State of New York. The courts of this State have never obtained jurisdiction of the defendant. (*Dollar Co.* v. *Canadian Car & Foundry Co.*, 220 N. Y. 270; *Wollman* v. *Newark Star Publishing Co.*, 190 App. Div. 933; affd., 229 N. Y. 590; *Tauza* v. *Susquehanna Coal Co.*, 220 id. 259.) Service, therefore, upon a director of the defendant while in the State of New York upon business other than the defendant's was insufficient.

The order appealed from should be reversed, with ten dollars costs and disbursements to the appellant, and the appellant's motion to vacate should be granted, with ten dollars costs.

Present — CLARKE, P. J., LAUGHLIN, DOWLING, PAGE and MERRELL, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.