Penal Law § 125.05(3)

To accord with precedent of the United States Supreme Court, Penal Law § 125.05 must be read to include an exception to preserve a pregnant woman's health and to allow an abortion of a nonviable fetus after 24 weeks.

September 7, 2016

Nancy G. Groenwegen, Counsel
Office of the State Comptroller
110 State Street, 14th Floor
Albany, New York 12236

Formal Opinion
No. 2016-F1

Dear Ms. Groenwegen:

You have asked whether an abortion can be lawful in New York when performed after 24 weeks from the commencement of pregnancy and not necessary to save the life of the pregnant woman. You raise this question because the New York Penal Law appears to criminalize all abortions performed after 24 weeks from the commencement of pregnancy unless necessary to save the life of the pregnant woman, but some such abortions—where the fetus is not viable or the procedure is necessary to protect the woman's health—are protected by the United States Constitution as interpreted by the United States Supreme Court. You have an interest in the answer to this question because the Comptroller, performing his duty under Article V, section 1 of the State Constitution, audits state payments to health care service providers who perform abortions to ensure that the payments are proper and in accord with the law. You recognize that federal constitutional law appears to allow abortions that the New York Penal Law prohibits and you believe that the federal Constitution is controlling.

New York law cannot criminalize what the federal Constitution protects, and thus the Penal Law should be interpreted to be consistent with the Constitution. Accordingly, as explained below, an abortion performed after 24 weeks from the commencement of pregnancy is lawful in New York when the fetus is not viable or when the abortion is necessary to protect the health of the pregnant woman, even though the Penal Law contains no express exemptions for those circumstances.

The United States Supreme Court held in 1973 that until approximately the end of the first trimester, a woman has a right to an abortion free from state interference, and until the point of viability that right is subject to state regulation only for the protection of the woman's health. *Roe v. Wade*, 410 U.S. 113, 163 (1973). The Court further held that after viability a state may not proscribe abortion when it is necessary to preserve the life or the health of the pregnant woman. 410 U.S. at 163-64. While the Court modified its trimester analysis in 1992, it reaffirmed that before viability a state may not constitutionally impose any "undue burden" on the constitutionally protected right to choose abortion. *Planned Parenthood v. Casey*, 505 U.S. 833, 846, 871 (1992). Moreover, after viability, the Constitution protects the right to an abortion

that is necessary to protect or preserve the life or health of the pregnant woman. *Roe v. Wade*, 410 U.S. at 163-64; *Planned Parenthood v. Casey*, 505 U.S. at 879.

While the New York Penal Law, written before these decisions, does not on its face treat abortions after 24 weeks from the commencement of pregnancy as lawful when the fetus is nonviable or the procedure is necessary for the health of the pregnant woman, exceptions for abortions in these two circumstances must be read into the law to save its constitutionality. This approach to interpreting the law is consistent with the long-established principle that statutes should be read where possible to save their constitutionality. *See, e.g., In re Donald DD*, 24 N.Y.3d 174, 189 (2014); *In re Bell v. Waterfront Com'n of N.Y. Harbor*, 20 N.Y.2d 54, 62 (1967); *Robert Dollar Co. v. Canadian Car & Foundry Co.*, 220 N.Y. 270, 277-78 (1917).

The New York Penal Law states that an abortion is a crime unless it is a "justifiable abortional act," and provides that in order to be justifiable, an abortional act must be performed either "(a) under a reasonable belief that such is necessary to preserve [the pregnant woman's] life, or, (b) within twenty-four weeks from the commencement of her pregnancy." Penal Law § 125.05(3).

But the United States Supreme Court has made clear that an abortion is constitutionally protected if it is necessary in appropriate medical judgment to preserve the pregnant woman's life *or her health. Roe v. Wade*, 410 U.S. at 163-65; *Planned Parenthood v. Casey*, 505 U.S. at 879. Therefore, an additional exception for preserving health must be read into subsection (a) of the statute for it to pass constitutional muster.

Likewise, the Court has made clear that the right to choose abortion is constitutionally protected from undue burdens until viability, and that the determination of viability must be made by the attending physician. *Planned Parenthood v. Casey*, 505 U.S. at 870, 871; *Planned Parenthood v. Danforth*, 428 U.S. 52, 64 (1976); *see also Colautti v. Franklin*, 439 U.S. 379, 388-89 (1979). Therefore, an exception must be read into subsection (b) of the statute for the situation of a fetus determined to be nonviable after 24 weeks from the commencement of pregnancy.

If these exceptions were not read into the statute, it would to that extent be unconstitutional, with essentially the same result. Reading these exceptions into Penal Law § 125.05, rather than interpreting it to be unconstitutional, in whole or in part, respects the Legislature's intent to prohibit certain abortions under some circumstances while presuming that it intended such prohibition to accord with rights granted by the Constitution.

Very truly yours,

ERIC T. SCHNEIDERMAN
Attorney General

2