GEORGE R. WILLIS, Administrator, with the will· annexed of WILLIAM F. WEBER *vs.* CLARA M. HODSON, · by her husband and next friend, THOMAS S. HODSON.

*Sale of Lunatic's property— Want of Jurisdiction—Retroactive Legislation.*

Application was made to the Circuit Court of Baltimore City by the trustee of a lunatic for authority to sell certain of her property for the purpose of reinvestment. No summons was issued for the appearance of the lunatic, and no order of publication was passed by the Court. A copy of the petition was, by order of a Judge in the State of New York, served upon the lunatic, she being at that time in an asylum in that State. Upon proof of such service the Circuit Court of Baltimore City appointed a guardian *ad litem* for the lunatic; and the answer of the guardian having been filed, proof was taken in support of the allegations of the petition, and the Court passed an order directing the property to be sold, and the same was sold. On the refusal of the purchaser to comply with the terms of sale, not deeming the title marketable, it was HELD :

That the sale was void, the Court being without jurisdiction, as the lunatic whose property was sold, was a non-resident, and no order of publication was passed by the Court as required by section 124 of Article 16 of the Code.

The Legislature has no power by retroactive statute to make valid and binding a decree or judgment rendered without jurisdiction.

APPEAL from the Orphans' Court of Baltimore City.

The appeal in this case was taken from the order of the Orphans' Court of Baltimore City dated the 29th of November, 1893, rescinding the previous order of said Court dated the 3d of April, 1893, finally ratifying the sale of certain leasehold estate of William F. Weber, deceased, made by George R. Willis, the administrator with the will

annexed of said deceased, to Clara M. Hodson, wife of Thomas S. Hodson. The case is stated in the opinion of this Court.

The cause was argued before ROBINSON, C. J., BRYAN, ROBERTS, McSHERRY and BRISCOE, J.

*George R. Willis,* (with whom was *John H. Thomas,* on the brief,) for the appellant.

*Thomas S. Hodson,* for the appellee.

ROBINSON, C. J., delivered the opinion of the Court.

Mary M. Wagner was on the 20th May, 1891, under proceedings instituted in the Circuit Court of Baltimore City, found to be a *lunatic,* and the Safe Deposit and Trust Company was appointed committee of her person and trustee of her property. On the 10th of June following, a petition was filed by the trustee in the lunacy proceedings for the sale of a lot belonging to the lunatic in fee, and for the sale of her leasehold interest in certain other lots, on the ground that it would be to her interest and advantage that the property should be sold, and the proceeds invested in such securities as the Court may deem proper. No summons was issued for the appearance of the lunatic, nor was there an order of publication passed by the Court. It appears, however, a copy of the petition was by the order of the County Judge of Ontario County, New York, served upon the lunatic, she being at that time in an asylum in that State; and upon proof of such service the Circuit Court of Baltimore City appointed *a guardian ad litem* for the lunatic, and Mr. George L. Thomas as her solicitor. The answer of the guardian having been filed, proof was taken in support of the allegations in the petition, and on the 27th of June the Court passed an order directing the property to

be sold. In pursuance of this order, the property now in question was sold to William F. Weber, and the sale thus made was duly ratified. Subsequently, Schwartz and Smith were substituted as purchasers, and the property was deeded to them. Afterwards, they became the owners of the fee, and thereupon they leased part of the land to Weber, reserving a ground rent of $146.00 *per annum.* Weber having died, his leasehold interest was sold by his administrator, under an order of the Orphans' Court, to the appellee, and the sale was ratified by said Court. The appellee, being advised that the title to the lot was not a merchantable title, she refused to comply with the terms of sale. So the question is whether the appellant as administrator could convey to the appellee a good and valid title. And this depends upon whether the Circuit Court of Baltimore City had jurisdiction to pass the order of the 27th of June, under which the leasehold interest of the lunatic, Mary M. Wagner, was sold.

Section 98 of Article 16 of the Code authorizes the Court, upon the application of the trustee of any person *non compos mentis,* to decree the sale of real or personal property to which such *non compos mentis* may be entitled. But section 100 provides that before passing such decree the Court shall have the appearance and answer of such person, as provided in section 124, and have proof taken, as in other chancery cases, as to the value, &c., of the property, and after considering all the circumstances the Court may, if it shall deem it for the interest and advantage of such *non compos mentis,* decree the sale of the whole or part of the property on such terms and conditions as it may prescribe. Section 124 provides that upon return of process, as served, or upon proof of due publication of the order of publication, as against non-resident defendants, the Court shall in case of infants or *non-sane defendants,* &c., either require the legal guardian or committee of the infant or non-sane defendant, if there be such guardian or

committee within the jurisdiction of the Court, to appear, answer and defend for such party, or to appoint a *guardian ad litem* to appear and defend the suits, &c.

The power of a Court of equity to sell the property of a non-sane person for the purpose of *better investment* is derived from the sections of the Code to which we have referred. And to give the Court jurisdiction in such cases there must *be a summons and a return of the summons "as served,"* if such person be a resident of the State, or in the case of a non-resident, there must be *"proof of due publication of the order of publication."*

In this case, the lunatic was a non-resident, and instead of an order of publication, and due proof of its publication, as required by section 124, a copy of the petition was served upon her, by the order of a county Judge in New York, and this, too, before the petition was filed in the Circuit Court of Baltimore City. It can hardly be necessary to say that the Judge in the State of New York had no power or authority to order a copy of the petition to be served upon the lunatic, and such service could confer no jurisdiction in the premises upon the Circuit Court of Baltimore. It follows, therefore, that the order of that Court of June 27, under which the property in question was sold, was passed without jurisdiction, and must be treated as being absolutely void, and of no effect.

The Court has power in this State, under section 103 of Article 16 of the Code, to decree the sale of property belonging to a lunatic, to pay *necessary expenses incurred* by the trustee for the support and maintenance of such lunatic, and in such cases it is not necessary to go through a regular chancery proceeding. It was under this section that the order of the Superior Court of Baltimore City directing the sale of the lunatic's property, to pay taxes, which the collector was threatening to enforce against the property, and for the payment of which there were no funds available in the hands of the trustee, was held, in

*Estate of Dorney, Lunatic,* 59 *Md.,* 68, to be a valid order. In such a case it was not necessary, under this section, we said, to have a summons for the lunatic, and a guardian appointed to answer. This, the section by which the power was conferred did not require; and, besides, it would be unreasonable to expose the lunatic to the costs and delay incident to a regular chancery proceeding, when the application was to sell so much of his property as may be necessary to his support—an application, too, which the trustee might from time to time be obliged to make to defray expenses absolutely necessary for the maintenance of the lunatic. But an application to the Court to sell the property of such persons *for better investment* stands upon a different footing, and the Legislature deemed it proper to provide the same safeguards in such cases as in other judicial proceedings.

Sections 98, 99 and 100 of Article 16 were amended at the last session of the Legislature, so as to authorize the Court, upon the application of the trustee of a person *non compos mentis,* to sell the property of such person without *any process or order of publication,* and, further, to give to any order or decree as may heretofore have been passed for the sale of the property of such person the *same effect as if it had been passed after the passage of the Act.* The Legislature may have the power, by a retrospective statute, to cure *mere defects and irregularities* in legal proceedings, but it has no power to make a decree or *judgment rendered without jurisdiction, a valid and binding decree or judgment. Roche et al. vs. Waters,* 72 *Md.,* 264.

*Order affirmed.*

(Decided 19th June, 1894.)