45 So.2d 10

**HORTON v. CARTER et al.**

**8 Div. 528.**

Supreme Court of Alabama.

March 2, 1950.

326

Marion F. Lusk, of Guntersville, for appellees.

LAWSON, Justice.

This is an appeal from a decree sustaining demurrer to a bill in equity.

S. D. C. Carter died intestate in 1935. He was survived by his widow and five children, none of whom were minors. In 1945 the widow, Jane Carter, instituted proceedings in the probate court of Marshall County to have certain real property set aside to her as a homestead. On June 28, 1945, the said probate court entered an order or decree purporting to vest the fee simple title to the said homestead in the widow, Jane Carter.

Shortly thereafter Jane Carter conveyed the property so set aside to one J. E. Washington. On, to wit, September 5, 1945, J. E. Washington and Lillie Belle Washington

Scruggs & Scruggs, of Guntersville, for appellant.

conveyed the said property to J. N. Horton. Jane Carter was also a grantor in this conveyance.

After securing his deed to the property, Horton paid off a federal land bank mortgage on the property, which had been executed by S. D. C. Carter in his lifetime.

On November 30, 1945, the surviving children of S. D. C. Carter filed a bill in equity in the circuit court of Marshall County, in equity, against Jane Carter, J. N. Horton, and others. The purpose of that bill was to vacate and annul the proceedings in the probate court of Marshall County which purported to allot and set apart the said property to Jane Carter as a homestead; to declare the rights of the children in the said land, and to have it sold for division. The respondents filed a cross bill seeking to establish title in Horton, or in the alternative for subrogation as to the mortgage debt which Horton had paid.

In the early part of 1948 the circuit court of Marshall County, in equity, rendered a decree granting the complainants relief under their bill, and the respondent Horton under his cross bill was decreed to be entitled to subrogation as to the mortgage debt which he had paid.

From that decree respondents appealed and complainants took a cross-appeal. After appeal and sometime during 1948, Jane Carter, the widow of S. D. C. Carter died.

On December 16, 1948, we modified the decree of the trial court in so far as it related to the question of subrogation, and as modified the decree was affirmed. Carter et al. v. Carter et al., 251 Ala. 598, 38 So.2d 557. Rehearing was denied on February 17, 1949.

We sustained the decree of the trial court overruling the proceedings in the probate court and cancelling the deeds from Jane Carter and the Washingtons on the ground that the decree of the probate court purporting to set the property aside to Jane Carter as a homestead was an absolute nullity, in that the probate court of Marshall County was without jurisdiction to render the said decree in that it was based on a petition which did not contain averments sufficient to show that the said S. D. C. Carter was not at the time of his death survived by minor children. We followed Craig v. Root, 247 Ala. 479, 25 So.2d 147, and Keenum v. Dodson, 212 Ala. 146, 102 So. 230.

The bill in the instant case was filed on May 9, 1949, by J. N. Horton who, as shown above, was one of the respondents in the other suit, against the surviving children of the said S. D. C. Carter, who were the complainants in the first case, and against A. L. Teal, Jr.

The facts heretofore alluded to are averred in this bill. This bill further alleges: " * * * on, to-wit: the 30th day of March, 1949, the Register of said Court did sell said lands under an order of said Court in said cause for division to one A. L. Teal, Jr. who became the purchaser thereof at and for the sum of $6800.00; that he has paid said money into Court and the same has been confirmed but the money has not been paid out and the money is now, or should be, in the hands of the Register of this Court at this time, and the Complainant, J. N. Horton, being a grantee of Jane Carter claiming title to said property which was set apart absolutely, held void for failure to state sufficient jurisdictional facts or averments in the application for the decree of the same in the Probate Court, is entitled to have such defect of title cured in this Court by showing that the necessary jurisdictional facts did exist at the time of the death of the property owner, S. D. C. Carter, as provided for by Acts of the Legislature of 1947, approved July 24th, 1947, and having shown that the necessary jurisdictional facts did exist as above averred, he therefore prays,"

The instant bill, in pertinent part, prays: " * * * that upon a final hearing of this cause that your Honor will make and enter an order or decree adjudging that the title to said lands be judicially determined or corrected to be into J. N. Horton, who is claiming said lands in fee simple and to cure said defects in said title and ascertain that all of said necessary jurisdictional facts did exist at the time of the death of S. D. C. Carter and he prays for all such other, further and additional relief as in equity and good conscience he may be entitled and

he prays for general as well as special relief."

Admittedly, complainant's relief is predicated upon the said 1947 act, which was not involved in the case of Carter et al. v. Carter et al., supra. In brief filed there counsel for appellant, complainant below, says: "Although there were thirteen grounds of demurrer assigned to the bill of complaint, and although there are fifteen assignments of error, in the mind of the Appellant, there is only one major question before the Court for its decision, to-wit: under the facts as alleged in his bill of complaint can the Complainant make use of General Act No. 224, General Acts of Alabama of 1947, p. 91 [Code 1940, Tit. 7, § 636(1)] in obtaining relief?"

The pertinent provisions of the said 1947 act are:

"Section 1. Any grantee, heir, or devisee of, or one claiming title to, property set apart absolutely as a homestead under a decree, void for failure to state sufficient jurisdictional facts or averments in the application or the decree on the same, in the Probate Court, is entitled to have such defects in the title cured in equity by showing that the necessary jurisdictional facts did exist at the time of the death of the decedent property owner.

"Section 2. The proceeding referred to in Section One of this Act shall be by bill in equity, and the party or parties claiming title under and through said decree and all other parties who claim an interest in the land shall be made parties to the end that the title to the land may be judicially determined or corrected.

"Section 3. This Act shall be deemed retroactive in its effect upon its passage and approval by the Governor or upon its otherwise becoming a law."

■ Upon the death of S. D. C. Carter in 1935, the legal title to the real estate descended to his heirs at law, the surviving children, subject, however, to the homestead exemption of the widow. The title so descending to the heirs became a vested right. Shamblin v. Hall, 123 Ala. 541, 26 So. 285; Bailes et al. v. Daly et al., 146 Ala. 628, 40 So. 420.

■ True, the widow during her lifetime could have divested the heirs of their title and gotten title absolutely in herself by having the said homestead set aside to her in a legal manner by showing, among other things, that there were no minor children, and with a judicial determination that it was all the real estate owned by the decedent, and that it was not of greater value than two thousand dollars. § 7920, Code 1923, Title 7, § 663, Code 1940. The 1923 Code section is cited, as the homestead rights of a widow are determined by the law in force at the time of the death of the husband. Craig v. Root, supra. But the widow died without having ever divested the heirs of their legal title, which, as before indicated, we have held to be a vested right. She instituted proceedings to that end, but such proceedings were entirely inefficacious for that purpose. Carter et al. v. Carter et al., supra.

■ It is insisted that the 1947 act, General Acts 1947, p. 91, Code 1940, Tit. 7, § 636(1), is in the nature of a curative act and therefore within the power of the legislature to enact and make retroactive. Curative statutes are of necessity retroactive in their operation, but they cannot operate to destroy vested rights. City of Anniston v. Anniston Office Building Co., 227 Ala. 180, 149 So. 93; Smith v. Cameron, 123 Or. 501, 262 P. 946.

■ It is true that a retrospective statute, curing defects in legal proceedings where they are in their nature irregularities only and do not extend to matters of jurisdiction, is not void on constitutional grounds unless expressly forbidden; but the proposition that the legislature can make good that which was void when done is utterly at variance with well established principles of law. Where such a statute undertakes to take away vested rights to make good a conveyance which the grantor totally lacks the power to make, it is impossible to sustain it. Hall v. Perry, 72 Mich. 202, 40 N.W. 324; Pryor v. Downey, 50 Cal. 388, 19 Am.Rep. 656; Board of Comm. of Wells County v. Fahlor, 132 Ind. 426, 31 N.E. 1112; Willis v. Hodson, 79 Md. 327, 29 A. 604; Genzer v. Fillip, Tex. Civ.App., 134 S.W.2d 730. Jurisdictional

requirements, whether statutory or constitutional, cannot be waived by subsequent curative legislation. People ex rel. Rhodes v. Miller, 392 Ill. 445, 64 N.E.2d 869. In Ward v. Howard, 217 N.C. 201, 7 S.E.2d 625, the rule is stated thus:

· "Ordinarily curative acts of the Legislature may be effectively applied where the Legislature might have dispensed originally with the portion of the required proceeding, the non-observance of which has rendered the proceeding void. (Citing cases.) But the Legislature is without power to cure a want of authority ·in the court to act at all, where the defect goes to the jurisdiction. * * *" 217 N.C. 207, 7 S.E.2d 628.

The said 1947 act, supra, shows on its face that its sole purpose is to provide a procedure whereby a court of equity may validate decrees of the probate court which are void because that court was without jurisdiction to render such decrees. As pointed out above, the legislature was without authority to enact a law curing such jurisdictional defects. It follows that it was also without power to authorize a court of equity to do so.

It follows that the bill was without equity and the demurrer thereto was sustained properly.

· The decree of the trial court sustaining the demurrer to the bill is due to be and is affirmed.

Affirmed.

BROWN, FOSTER, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.