268 So.2d 485

Troy WILLIAMS

v.

Claude D. KELLEY, Individually and as
Commissioner, etc., et al.

SC 74.

Supreme Court of Alabama.

Oct. 19, 1972.

Rehearing Denied Nov. 22, 1972.

Jetton & Ogden, Guntersville, for appel-
lant.

William J. Baxley, Atty. Gen., Robert A.
Macrory, and William G. O'Rear, Asst.
Attys. Gen., for appellees.

BLOODWORTH, Justice.

The parties to this appeal have agreed
and stipulated that the sole issue presented
is whether Regulation A–656 of the Com-
missioner of Conservation and Natural Re-
sources violates Section 104(14) of the Al-
abama Constitution of 1901.

Regulation A–656 provides as follows, viz:

"STATE OF ALABAMA ⎫ REGULATION A–656
MONTGOMERY COUNTY ⎭ (Game & Fish)

"By authority vested in me as Commissioner of Conservation and Natural Resources by Title 8, Sections 17 and 21, as amended, of the 1940 Code of Alabama, I do hereby establish and promulgate the following regulation which shall have the force and effect of law as provided for by said sections. The penalty for violating this regulation is provided for by Title 8, Section 13, 1940 Code of Alabama.

"Section 1. Effective at sundown on September 21, 1971, it shall be unlawful to use nets of any type, slat-boxes or slat-baskets, for commercial fishing purposes in any of the public waters of Elmore County, Alabama.

"Section 2. All regulations or parts thereof in conflict with this regulation are hereby expressly repealed.

"IN WITNESS WHEREOF, I have hereunto set my hand and caused the seal of my office to be affixed in the City of Montgomery on this the 21st day of September, 1971.

C. D. Kelley
CLAUDE D. KELLEY
Commissioner of Conservation and Natural Resources"

Section 104(14) of the 1901 Constitution provides that "The legislature shall not pass a special, private, or local law in any of the following cases: * * * (14) Fixing the punishment of crime; * * *."

Section 17, Title 8, referred to in the regulation, prescribes the powers and duties of the director of conservation, including the power " * * * to regulate the manner, means, and devices for catching, or taking game fishes * * *."

Section 21, Title 8, also referred to, provides that the rules and regulations promulgated by the director " * * * shall have the effect of law; * * *."

Section 13, Title 8 reads as follows:

"Unless otherwise provided, a violation of any of the provisions of this title or any rule or regulation approved by the advisory board of conservation shall be a misdemeanor." [1]

The Circuit Court of Montgomery County, in equity, held that the regulation was not unconstitutional.

Although it is readily apparent that the literal wording of Section 104(14), supra, does not apply to an administrative agency, the appellant asserts that "it would be incongruous to prohibit the Law-making Body of the State from so acting, and allow an agency of that same Body to create a rule which has the same effect." With this contention, both we and the appellees agree.

In State v. Rogers, 281 Ala. 27, 198 So. 2d 610 (1967), an act of the legislature was declared unconstitutional as violative of Section 104(14) of the Constitution of 1901, which act prohibited the use of certain nets for catching fish in Limestone County, and which act further provided that any person who violated the act would be guilty of a misdemeanor. That act differed little from the regulation in the case at bar, except in the act the punishment was prescribed at a fine of not less than $50.00 nor more than $500.00, or imprisonment for not less than 30 days nor more than six months.

1. It is not apparent from the record whether this regulation has been approved by the advisory board. Neither party raises this issue in brief or argument; therefore, neither do we.

Appellees, in brief, assert that,

"Regulation A–656 (Tr. 4) does not attempt to fix the punishment of anyone convicted of violating the provisions thereof. At the most it merely cites the Alabama Code provision \* \* \* which declares that a violation of a regulation shall be a misdemeanor, the punishment for which is prescribed ty (sic) Title 15, Section 327 of the Alabama Code 1940, Recompiled 1959." Title 15, Section 327 provides that,

"Any person who commits a public offense, which is a misdemeanor at common law or by statute, and the punishment of which is not particularly specified in this Code, must, on conviction, be fined not more than five hundred dollars, and may also be imprisoned in the county jail or sentenced to hard labor for the county, for not more than six months."

Thus, the regulation in question does not expressly fix the punishment of crime, other than to provide that the penalty for its violation is governed by Section 13, Title 8, of the Code. The latter section provides that violation of such a regulation is a misdemeanor. Section 327, Title 15, supra, in turn provides, in express terms, the punishment for conviction of a misdemeanor "at common law or by statute \* \* \*."

We have already pointed out that Section 21, Title 8, provides that such regulations have the force and effect of law. To like effect is West v. State, 30 Ala.App. 318, 6 So.2d 434 (1941), viz:

"The Legislature may empower appointed agencies and bureaus to make such reasonable rules and regulations as are necessary for the administration and enforcement of the law. (Citations omitted)

"All reasonable rules and regulations of the State Department of Conservation have the force and effect of law, and courts may take judicial knowledge of the same. \* \* \*"

We, therefore, hold that the regulation in question, having the force and effect of law, does violate Section 104(14) of the Constitution, in that its promulgation effects the passage of a local law fixing the punishment of crime in Elmore County, i. e., using nets for commercial fishing. Since the legislature itself could not effect passage of an act embodying the terms of this regulation, it would seem obvious that the administrative agency, being a creature of and deriving its powers from the legislature, would possess no such power.

Otherwise, the legislature, by the simple expedient of creating an agency, could confer that agency with powers it does not itself possess because of constitutional prohibitions, and the Constitution would thus be circumvented.

In State v. Alabama Power Co., 254 Ala. 327, 340, 48 So.2d 445, 455 (1950), this Court expressly held that notwithstanding "\* \* \* the legislature [itself] has made no effort to contravene the Constitution of the State \* \* \* *it could not do indirectly what the constitution forbids being done directly.*" (Emphasis ours)

Let the decree of the Circuit Court be reversed and remanded.

Reversed and remanded.

HEFLIN, C. J., and COLEMAN, HARWOOD and McCALL, JJ., concur.