This case involves the constitutionality of local acts creating the Shelby County Planning Commission. The trial court held the acts to be constitutional. Appellants argue that by these acts the legislature attempted to ratify actions taken under an act which this Court had held to be unconstitutional, delegated its powers contrary to the constitution, and violated the principle of separation of powers.
In Adam v. Shelby County Commission, 415 So.2d 1066 (Ala. 1982), this Court held Act 816, 1965 Acts of Alabama, to be unconstitutional under Art. IV, § 106, Const. of 1901, because the act as passed contained material differences from the act as previously published.[1] On July 8, 1982, the legislature enacted Act No. 82-693 (H. 57) and Act No. 82-771 (S. 93). These two acts are identical in wording, form, and content.[2]
Sections 1-15 of the 1982 acts reenact Act 816 almost word for word. Section 16 purports to ratify all actions *Page 440 
taken under Act 816. Those 1982 acts are set out as an appendix to this opinion.
On November 15, 1983, R. Howard Bailey and 71 other named individuals filed a complaint as "resident citizens, qualified electors, taxpayers and owners of an interest in real estate in Shelby County, Alabama, as well as in Beat 12, District 3 of said county," seeking injunctive and declaratory relief against Shelby County, the Shelby County Commission, and the Shelby County Planning Commission. The primary relief requested was a declaration that Acts No. 82-693 and 82-771 are unconstitutional.
On December 7, 1983, Shelby County filed an action against James W. Parker and Carole Dean Parker, alleging that
 "the Shelby County Planning Commission, pursuant to the authority of Act No. 82-693, . . . on August 16, 1982, adopted the 'Zoning Ordinance of Shelby County, Alabama,' with attached 'Zoning Map of Shelby County, Alabama' . . . . On September 7, 1982, the qualified electors in Beat 12, Shelby County, Alabama, pursuant to said Act No. 82-693, voted to accept the zoning authority of said Shelby County Planning Commission, thereby implementing said 'Zoning Ordinance of Shelby County, Alabama,' in Beat 12, Shelby County, Alabama, and limiting the use of defendants' said real estate to R-3 Single Family District use, except to the extent that such land was being used at the time of the effective date of said Zoning Ordinance of Shelby County as a non-conforming use."
The complaint alleged that the Parkers operated a junk yard as a prior non-conforming use on their property but that, subsequent to September 7, 1982, they greatly enlarged this use of their property and acquired additional property to increase their storage of junk automobiles and their operation of a junk business. The complaint requested that the Parkers be enjoined to limit their use of their property to the use at the time the zoning regulations became effective and to refrain from violating the Zoning Ordinance. The Parkers answered with defenses challenging the constitutionality of Acts No. 82-693 and 82-771, closely tracking the allegations of the complaint filed by Bailey and others.
These two actions were consolidated and the parties stipulated that the controlling issue in both cases was the constitutionality of the two identical 1982 acts. The trial court entered judgment on this stipulation and the briefs of the parties, finding that the acts are not patently unconstitutional and are aided by a presumption of constitutionality, and holding that the acts are constitutional. The plaintiffs in the Bailey case and the Parkers filed a joint notice of appeal.
Appellants argue that the legislature may not enact a curative act which has the effect of impairing vested or contract rights "or of validating an unconstitutional statute or proceeding," quoting Board of Revenue of Jefferson County v.Hewitt, 206 Ala. 405, 410, 90 So. 781, 785 (1921), and citingHorton v. Carter, 253 Ala. 325, 45 So.2d 10 (1950). The Bailey complaint alleges that the planning commission "continues to operate and utilize the Shelby County Alabama Zoning Ordinance as promulgated and passed by the Shelby County Planning Commission in June 1974." On the record before us, however, there is no contradiction of the allegation in the county's complaint that the planning commission adopted the Zoning Ordinance on August 16, 1982.
We do not deem it significant in this case that the planning commission as it existed after the effective date of the 1982 acts apparently adopted a zoning map produced by the planning commission as it existed under the unconstitutional 1965 act. None of the appellants has alleged a vested right which has been taken away by the provision of § 16 of the 1982 acts, which purports to ratify actions taken under the 1965 act. The Bailey plaintiffs do not allege any specific injury. The Parkers' non-conforming use existed in September 1982, so there is no indication that it was affected by the planning commission's acting under the 1965 act. The appellants have no standing to challenge § 16 as depriving them of a vested right.Warth v. Seldin, *Page 441 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).
Thus, this argument reduces to the contention, derived from the quotation from Hewitt and generally from the holding ofHorton, that the legislature could not ratify any actions taken under the 1965 act, which the appellants claim to have been void ab initio. While there may be some cases in which an unconstitutional statute is void ab initio so that any actions taken under it are void, it might also be true in some cases that a party would be protected by justifiable reliance upon zoning regulations or other actions taken under color of the 1965 law.
The record before us admits of an inference only that the 1982 planning commission adopted a zoning map which was already in existence, and therefore not "void" in fact even if void in legal effect. There is no allegation as to how the fact that the map had no legal effect prior to its adoption in August 1982 has harmed the appellants. The 1982 planning commission might very well have adopted this map even if § 16 had not been included in the 1982 acts. Thus, this is not a case of a ratification by the legislature of some action taken under the 1965 act having injured the appellants. Therefore, we hold that the appellants have no standing to challenge § 16 under this branch of their argument, either.
The appellants' substantive challenges to the 1982 acts are based on the following provisions of the Constitution of 1901:
 "Section 42. Legislative, executive and judicial departments established.
 "The powers of the government of the State of Alabama shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are legislative, to one; those which are executive, to another; and those which are judicial, to another.
"Section 43. Separation of powers.
 "In the government of this state, except in the instances in the Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men.
"Section 44. Composition of legislature.
 "The legislative power of this state shall be vested in a legislature, which shall consist of a senate and a house of representatives."
Appellants argue that §§ 42 and 44 prohibit the delegation by the legislature of the power to make zoning ordinances to the Shelby County Planning Commission, and that §§ 42 and 43 prohibit the vesting in the planning commission of legislative, executive, and judicial powers.
The enactment of zoning ordinances is a legislative function.Fleetwood Dev. Corp. v. City of Vestavia Hills, 282 Ala. 439,212 So.2d 693 (1968); Ball v. Jones, 272 Ala. 305,132 So.2d 120 (1961). Counties and municipal corporations do not have the inherent power to enact zoning ordinances, Roberson v. City ofMontgomery, 285 Ala. 421, 233 So.2d 69 (1970); Ball v. Jones,supra, but the legislature may delegate this power to them as a delegation of the police power. Fleetwood Dev. Corp., supra;Johnson v. City of Huntsville, 249 Ala. 36, 29 So.2d 342
(1947); Masters v. Pruce, 290 Ala. 56, 274 So.2d 33 (1973).
The problem in this case arises because the legislature has delegated the zoning power to a non-elected body. The Shelby County Planning Commission consists of two members appointed by the Shelby County Commission, two members appointed by the Shelby County Board of Education, two members appointed by the Shelby County Bar Association, and one member appointed by the Judge of the Circuit Court of Shelby County. The members are, however, required to "subscribe to an oath as provided by law for public officials." Section 2 of the 1982 acts. *Page 442 
In 1984, after these actions were filed but before the trial court had ruled on them, the legislature enacted Act No. 84454 to amend Act No. 82-693. Act No. 84-454 provides that the planning commission will be appointed by the county commission and that the actions of the planning commission relating to zoning will be taken with the approval of the county commission. This case is not mooted by these amendments, however, if only because of the action for an injunction against the Parkers.
The only other delegations of zoning power by the legislature which have come to our attention are to municipal corporations, Code 1975, § 11-52-70 et seq., and to Jefferson County, see, e.g., 1947 Ala. Acts 344. These delegations are to the elected governing bodies of the local political subdivision. We note especially City of Mobile v. Karagan, 476 So.2d 60 (Ala. 1985), which turned on the fact that the Mobile City Planning Commission was an advisory body only, with the City of Mobile having final authority to rezone.
Of course, the fact that a delegation of zoning power to a non-elected local body has not previously been made does not mean that such a delegation is unconstitutional. Administrative agencies are often given power to make rules and regulations which in effect are delegations of the legislative power of the state, and those administering these powers are usually appointed officers. For example, the Commissioner of the Department of Conservation and Natural Resources is empowered to make rules and regulations, inter alia, as to catching or taking game fish, § 9-2-7(6). In Williams v. Kelley, 289 Ala. 440, 268 So.2d 485 (1972), a regulation promulgated under this authority was challenged not as being the result of an unconstitutional delegation of legislative power, but as a special, private, or local law fixing the punishment of a crime in violation of Const. of 1901, § 104(14).
An instance of delegation of the authority to make rules and regulations being upheld as against a § 44 challenge isFranklin v. State ex rel. Milk Control Board, 232 Ala. 637,169 So. 295 (1936). This holding was reaffirmed in Alabama DairyCommission v. Food Giant, Inc., 357 So.2d 139 (Ala. 1978), where reference was made to the following statement regarding the circumstances under which the legislature may delegate power:
 "The legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes or intends to make its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend which cannot be known to the lawmaking power, and must therefore be a subject of inquiry and determination outside the halls of legislation."
Norton v. Lusk, 248 Ala. 110, 122, 26 So.2d 849, 859 (1946), citing Porter Coal Co. v. Davis, 231 Ala. 359, 165 So. 93
(1935) (other citations omitted).
See generally the Alabama Administrative Procedure Act, Code 1975, § 41-22-1, et seq.; K. Davis, Administrative LawTreatise, (2d ed. 1978), esp. Chapter 3, regarding the pervasive delegation of rulemaking authority to administrative agencies.
Section 41-22-3 of the Alabama APA defines "agency" as "Every board, bureau, commission, department, officer, or other administrative office or unit of the state, other than [listed exceptions, including] counties, municipalities, or any agencies of such local governmental units." (Emphasis added.) By analogy, the planning commission would be an agency of Shelby County, although it is not covered by the APA. If the legislature may delegate law-making powers to state agencies, why not to a county agency? Indeed,
 "The power to delegate to counties and cities certain legislative powers relating to local governments is a part of the full legislative powers conferred on the Legislature."
Wallace v. Board of Ed. of Montgomery County, 280 Ala. 635,641, 197 So.2d 428 (1967). *Page 443 
Professor Davis, in his treatise on administrative law, states that the question that should be asked in a delegation of powers question is whether the legislative authority has provided standards and safeguards or, preferably, in his view, has required the agency to set up appropriate standards and safeguards in light of its experience with the subject matter:
 "The basic purpose of the nondelegation doctrine is sound: Administrators should not have unguided and uncontrolled discretionary power to govern as they see fit. But the courts have found by experience that that purpose cannot be accomplished through the traditional nondelegation doctrine. . . .
 "A new nondelegation doctrine could become an effective and useful judicial tool. Its purpose should be neither to prevent delegation of legislative power nor to require meaningful statutory standards; its purpose should be the much deeper one of protecting against unnecessary and uncontrolled discretionary power. The focus should not be exclusively on standards; it should be on the totality of protections against arbitrariness, including both safeguards and standards. The key should no longer be statutory words; it should be the protections the administrators in fact provide, irrespective of what the statutes say or fail to say. The focus of judicial inquiries thus should shift from statutory standards to administrative safeguards and administrative standards."
1 K. Davis, supra, § 3.15.
It is not necessary to go as far as Professor Davis suggests in deferring to agencies in order to uphold the 1982 acts; indeed, we question whether it would be proper to do so in light of the strong language in our constitution. However, the acts in question do contain appropriate standards in §§ 6, 7, and 10. They contain safeguards against arbitrary action in their provisions for publication of notice and hearings on proposed changes, § 11, for procedures to grant exceptions, § 14, and for appeals to the circuit court, § 15.
The Court of Civil Appeals has upheld the requirement that planning commission members be freeholders, on the ground that it bears a rational relation to a legitimate state interest, although that portion of the decision could be taken as dicta.McClendon v. Shelby County, 484 So.2d 459 (Ala.Civ.App. 1985); cert. denied, 484 So.2d 465 (Ala. 1986). Appellants do not raise this as an issue, but they do address some argument to the question at the end of their brief. The Bailey complaint, however, alleges that all of the plaintiffs are property owners, and the Parkers can be seen to be freeholders from the face of the complaint against them. Appellants therefore have no standing to challenge the provision requiring the commission members to be freeholders, and we express no opinion on the subject.
Appellants' separation of powers argument is similarly not well taken. It is normal procedure for an agency to make rules, administer them, and conduct the first level of review of complaints regarding the agency's functions. See generally the Alabama Administrative Procedure Act and Davis, supra, Chapter 2.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.
[1] Section 106 requires the publication of local acts in a newspaper of general circulation in the county to be affected for four weeks prior to the introduction of the bill in the legislature. This appeal presents no question of compliance with § 106.
[2] No issue is made as to whether the two acts constitute separate acts or should be deemed to be merged into one act. We express no opinion on the subject, and shall simply refer to them as "the 1982 acts."
 APPENDIX
Acts No. 82-693 and 82-771 read as follows:
"Section 1. Creation of County Planning Commission. There is hereby created a Planning Commission for Shelby County, Alabama which Commission shall be appointed as herein provided and shall have responsibilities and duties as are stated herein. The Commission shall be known as the Shelby County Planning Commission. The term, 'county governing body' when used herein shall refer to the Shelby County Commission or its successors. *Page 444 
"Section 2. Personnel of the Shelby County Planning Commission. The Commission shall be composed of seven members, all of whom shall be over the age of 25 years and each of whom shall be a qualified elector in and an actual resident of and a free-holder in Shelby County who resides outside the corporate limits of any municipality therein. Two of the members shall be appointed by the Shelby County Commission, two shall be appointed by the Shelby County Board of Education, two shall be appointed by the Shelby County Bar Association, and one shall be appointed by the Judge of the Circuit Court of Shelby County. Not over two members of the Commission shall come from any one beat of the County. Each member shall serve a term of six years and until his successor is duly appointed and qualified. Prior to taking office each member shall subscribe to an oath as provided by law for public officials and the same shall be recorded in the Probate Office of Shelby County. The original members of this Commission shall draw lots to determine the period of time each is to serve and the terms of two shall expire two years from the date of the organization of the Commission, the terms of two shall expire four years from the date of the organization of the Commission and the terms of three shall expire six years from the date of the organization of the Commission. In the event of a vacancy on the Commission the same shall be filled as in the case of the original appointment. All members shall serve without compensation, and the members shall hold no other county office. However, reasonable and necessary expenses of the members shall be paid from the General Fund of Shelby County.
"Section 3. Jurisdiction of Commission. The jurisdiction of the Commission shall extend to all areas of the county outside the boundaries of municipal corporations; provided, however, that where a municipality now or in the future is authorized to exercise and does in fact exercise planning and zoning powers in any area outside its municipal boundaries, such areas shall be excluded from the jurisdiction of the county planning commission.
"Section 4. Organization and rules. The Commission shall elect its chairman and create and fill such other offices as it may determine. The term of chairman shall be for one year, with eligibility for re-election. The commission shall normally hold at least one regular meeting each month. It shall adopt by-laws for the transaction of business and shall keep a record of its resolutions, transaction of business, which record shall be a public record. Five of the members shall constitute a quorum to transact the business of the Commission.
"Section 5. Staff and Finances. The commission may appoint, promote, demote, and remove such employees as it deems necessary for its work. The Commission may also contract with county or city planners, engineers, architects, and other consultants and with any local, state, or federal agency for such services as it may require. The commission may cooperate with and accept funds from Federal, state and local public or semi-public agencies, private individuals or corporations, and may expend such funds, and may carry out such cooperative undertakings and contracts for planning studies necessary in the performance of its duties. The expenditures of the Commission, exclusive of gifts, grants, or contract receipts, shall be within the amounts appropriated for the purpose by the county governing body.
"Section 6. General Power and Duties of the Commission. It shall be the function and duty of the commission to make and maintain in an up-to-date manner a master plan and to adopt appropriate zoning regulations as provided by Section 10 hereof for the physical development of Shelby County; provided, however, that the Commission shall have no power, by the adoption of zoning regulations or otherwise, to limit or impair in any manner the use of land for mining, quarrying or otherwise extracting coal, limestone or other minerals located therein, or for processing or distribution of such minerals. Such plan and regulations with the accompanying maps, plats, charts, and descriptive material shall show the Commission's recommendations for the use *Page 445 
and development of the territory of the said county. The zoning regulations shall also include a zoning plan for selected areas for the control of the height, area, bulk, location, and use of buildings and land. As the work of making the whole master plan and preparation of zoning regulations progresses, the Commission may from time to time adopt and publish a part or parts thereof, any such part to cover one or more major sections or divisions of the county. The commission may from time to time amend, extend, or add to the plan or regulations as hereinafter provided. Nothing in this act shall be construed to impair the right of eminent domain conferred on railroads and utilities, both public and private, or their right to construct, use and maintain structures reasonably required in the public service or their right to exercise authority conferred by statutes, franchises, certificates of convenience and necessity, licenses, easements or conveyances.
"Section 7. Purposes in View. In the preparation of the master plan and zoning regulations, the commission shall make careful and comprehensive surveys and studies of the present conditions existing within the county with due regard to existing agricultural uses, to land by virtue of its fertility, proximity to water supplies, and other geographical features is particularly suited to agricultural uses, to neighboring municipalities, towns and villages, to the growth of subdivisions, to the general population growth of the county, and make adequate provision for traffic, recreational areas and industry, and other public requirements. The plan and zoning regulations should be made with the general purpose of guiding and accomplishing a coordinated, adjusted and harmonious development of the county, which will, in accordance with present and future needs, best promote health, safety, morals, order, convenience, prosperity, and general welfare, as well as efficiency and economy in the process of development, and should promote safety from fire, flood and other dangers, the healthful and convenient distribution of population, and the wise and efficient expenditure of public funds. The plan and regulations shall be a public record, but its purpose and effect shall be to aid the planning commission in the performance of its duties, including making recommendations to the county governing body and assisting cooperating with other federal, state and local agencies so as to achieve coordinated, adjusted, and harmonious development.
"Section 8. Election to Determine if Beat is to be Covered by The Master Plan and Zoning Regulations. The master plan and zoning regulations provided by the Commission shall not be applicable in any beat of Shelby County until the majority of the qualified electors of the beat voting in a special election shall have signified by their vote that they desire the authority of the Commission, its master plan and the zoning regulations to apply to their beat. Such an election must be held not less than 30 nor more than 45 days after a petition is filed in the office of the judge of probate seeking such an election and signed by not less than 25 electors who vote in said beat and who also own an interest in real estate that is located in such beat. Notice of such election shall be given by three weeks publication and posting notice in two public places within the beat. The cost of conducting said election shall be paid from the General Fund of Shelby County. The ballot shall be so worded as to give the voter the opportunity to vote either 'Yes' or 'No' as to whether he wishes the authority of the Commission, its master plan and the zoning regulations to apply to such beat. Only those qualified electors outside of the boundaries of municipal corporations, or where a municipality now or in the future is authorized to exercise, and does, in fact, exercise planning and zoning powers in any area outside its municipal boundaries, or such areas excluded from the jurisdiction of the commission as set out in Section 3, shall be permitted to vote or sign a petition calling for election in the beat concerned and a statement to this fact shall be carried on the ballot and the petition or said ballot and petition shall not be valid.
"Section 9. Subdivision Regulations. The Commission shall adopt a code of regulations applicable to the subdivision of land *Page 446 
and plats of subdivisions shall not, after the adoption of such code of regulations, be accepted for filing and recording in the Probate Office until they have been approved in a manner to be designated by the Commission. The Commission is hereby authorized to provide a penalty not to exceed $100 per lot to be paid by anyone who sub-divides property and conveys lots therefrom without first having recorded the plat of such subdivision as is herein provided. The provisions of this section shall apply within the jurisdiction of the Commission as specified in Section 3.
"Section 10. Zoning; Grant of Power. For the purpose of promoting the health, safety, morals, convenience, order, prosperity and general welfare of the County, the Commission is hereby empowered to divide the portion of the county within its zoning jurisdiction into districts of such number, shape and area as may be found best suited to carry out the purposes of this act, and to provide within such districts for standards relating to the use of the land and the types and kinds of structures that may be erected in such districts, excluding all buildings having a cost of under five hundred (500.00) [sic], and all home remodeling or modification in such districts. Such provision shall be made in accordance with a comprehensive plan and shall be designed to lessen congestion in the streets and highways; to secure safety from fire, flood, panic and other dangers; to provide health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue mixed use of land; to facilitate the adequate provision of transportation, water supply, sewerage, schools, parks and other public requirements. Such provisions shall be made with reasonable consideration, among other things, of the character of the land and district and its peculiar suitability for particular uses and with a view of promoting desirable living conditions, sustaining the stability of neighborhoods, protecting property against blight and depreciation, securing economy in governmental expenditures, conserving the value of buildings; and encouraging the most appropriate use of land and of buildings and structures throughout the jurisdiction of the Commission. For the purpose of providing for the division of the territory into districts, consonant with the conditions provided in this section, the Commission may make a single zoning plan for all the territory of the area which lies within its jurisdiction or may make and certify separate and successive zoning plans for parts of such territory which it deems suitable for urban or suburban development or which for other reasons it deems to have appropriate territorial unity for a zoning plan; and correspondingly any zoning regulations enacted by the Commission may cover and include the whole territory lying within its jurisdiction or such territory as the commission deems to be appropriate territorial unit for a zoning plan.
"Section 11. Publication of Notice of Proposed Change in Zoning Regulations. Once zoning regulations have become applicable to a beat as provided by Section 8 hereof, such regulations shall not be changed by the Commission until the proposed change has been published for three weeks in a newspaper of general circulation within the county together with a notice stating the time and place that the change in regulations will be considered by the Commission, and stating further that at such time and place all persons who desire shall have an opportunity to be heard in favor of or in opposition to such change in such zoning regulation.
"Section 12. Zoning Regulations Shall not be Retroactive. No zoning regulation adopted by the Commission shall change any use to which land is being made at the time such zoning regulations become applicable in any beat.
"Section 13. Remedies. In case any building or structure is erected, constructed, reconstructed, altered, repaired, converted or maintained, with the exception of those buildings or structures as excluded in Section 10, or any subdivision is established, or land used in violation of this enactment or of any regulation made under the authority conferred hereby, the county attorney, or other appropriate administrative officer of the Commission may institute any appropriate action or proceeding to prevent such unlawful erection, construction, *Page 447 
reconstruction, alteration, repair, conversion, maintenance, or subdivision of the land or use of the land to restrain, correct, or abate such violation, or to prevent the occupancy of any such building, structure, subdivision or land or to prevent any illegal act, conduct, business, or misuse in or upon any premises regulated under the authority conferred by this article.
"Section 14. Exceptions to Zoning Regulations. The Commission may in appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the zoning regulations in harmony with its general purposes and interest and in accordance with general or specific rules adopted by the Commission. Anyone wishing to appeal from an existing zoning regulation may file a written petition stating the basis for such appeal whereupon the Commission shall fix a date for such hearing, giving notice as to the Commission may seem appropriate, and on such hearing the Commission shall have the following powers: (1) to hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by the Commission or official in the enforcement of this article of any regulation adopted pursuant thereof; (2) to hear and decide on requests for special exceptions to the term or provisions of the regulations upon which such Commission is required to pass; (3) to authorize upon appeal in special cases such variance from the yard, open space, land use, bulk and height requirements of the regulation as will not be contrary to the public interest, where, owing to special conditions of the building site or land, a literal enforcement of the provisions of the regulation will result in unnecessary hardship, all in order that the spirit of the regulations shall be observed and substantial justice done.
"Section 15. Appeals. Any party aggrieved by any final judgment or decision of the Commission pursuant to the provisions of Section 14 may within 15 days thereafter appeal therefrom, which appeal shall rest upon the contention that such zoning regulations in question are unreasonable, discriminatory, unconstitutional, or otherwise invalid, and such appeal shall be addressed to the circuit court or other court having like jurisdiction within the county where the affected property of the aggrieved party is located, by filing with such Commission a written notice of appeal specifying the judgment or decision from which the appeal is taken. In case of such appeal the Commission shall cause a transcript of the proceedings in the cause to be certified to the court to which the appeal is taken.
"Section 16. Anything to the contrary herein, notwithstanding: (1) Act No. 816 (H.952) creating the Shelby County Planning Commission; providing for the organization, membership, powers, personnel, jurisdiction, and financial and legal status of such commission; authorizing the Commission to make subdivision regulations, a master plan, and to adopt zoning regulations for the development of Shelby County; providing for an election in each beat prior to the application of such authority of the Commission in each beat; granting the Commission power to zone certain areas within the County and providing a procedure for the amendment of zoning regulations; prohibiting zoning regulations from being retroactive; providing remedies for the enforcement of the provisions of such act; and providing exceptions to such zoning regulations and for appeals from the decisions of the Commission approved September 2, 1965; and (2) all actions of any kind of the Shelby County Planning Commission, officials of Shelby County, or the electors of Shelby County, or any beat therein, taken under the color of authority of said Act No. 816 — are hereby in all things ratified, approved, validated and confirmed as of the date they were taken.
"Section 17. Severability. The provisions of this Act are severable. If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
"Section 18. Effective Date. This Act shall become effective upon the signature of the Governor." *Page 448