On September 21, 1982, Shelby County and the Shelby County Commission (the county) moved to enjoin certain construction on property owned by Charles and Ileane H. Matthews (appellants). The county alleged that the appellants had begun to construct commercial buildings on the subject property in violation of the county's zoning ordinance. The appellants answered with defenses challenging the constitutionality of the act of the Alabama legislature that purports to authorize the Shelby County Planning Commission (SCPC) to oversee the county's zoning laws. They also counterclaimed, alleging that the county had joined with the SCPC in a pattern of activity and regulation amounting to an unconstitutional taking of their property and an inverse condemnation without just compensation. They sought compensatory and punitive damages.
On December 10, 1990, following an ore tenus proceeding, the trial court ruled in favor of the county, issuing an order permanently enjoining the appellants from constructing on the subject property any building not in compliance with the county's zoning laws. All counterclaims by the appellants were denied. In February 1991 the trial court issued an amended judgment ordering the appellants to remove certain signs from the property.
The appellants continue to assert their constitutional claims on appeal. They also contend that the SCPC, and not the county, was the proper party to move for an injunction and that the trial court should have dismissed the county's action for failure to join an indispensable party plaintiff to the cause. We affirm.
The record reveals the following pertinent facts: In 1965 the Alabama legislature enacted Act No. 816, 1965 Alabama Acts (Reg. Session), which created the SCPC. Act No. 816 granted the SCPC the power to create and maintain a master-plan zoning map for Shelby County and to enact a zoning ordinance for any area, or "beat," in the county where a majority of voters chose to have zoning laws administered by the SCPC. The SCPC published its original zoning ordinance in June 1974, and in February 1980 the SCPC adopted a master-plan zoning map encompassing Beat 12, where the appellants' property is located. At the time of the trial, Beat 12 was the only beat in Shelby County regulated by the SCPC, its voters having so chosen in April 1980.
The appellants purchased the subject property in June 1977. The original parcel consisted of 10 acres and was subdivided into two 1.5-acre tracts and one 7-acre tract. The appellants constructed a chemical treatment facility, the Guardian-Ipco building, on one of the 1.5-acre tracts in late 1977, before zoning was implemented in Beat 12. When the SCPC adopted its zoning map in 1980, it classified the appellants' property as R-3 (Single Family Residential District). After zoning, the Guardian-Ipco building was categorized as a "prior nonconforming use"; however, the building is not involved in the present litigation.
The remaining 8.5 acres of the appellants' property — which is the property at issue in the present action — existed as raw, undeveloped land until June 1981, when the appellants requested the SCPC to rezone their property from the R-3 classification to M-1 (Light Industrial District). The appellants wanted to build an office and mini-warehouse complex on the property. However, the SCPC turned down their rezoning request on March 15, 1982, indicating an intent to maintain the basically residential character of the area.
In June 1982 in Adam v. Shelby County Commission,415 So.2d 1066 (Ala. 1982), our supreme court held Act No. 816 to be unconstitutional under Art. IV, § 106, 1901 Ala. Const., because the act as passed contained material differences from the act as previously published.
The appellants viewed the decision in Adam as effectively abrogating all zoning laws in Shelby County, specifically in Beat 12. They contended then, as they do now, that they were entitled to develop the subject property for any legal purpose they chose, including commercial or light industrial activity. Testimony at trial indicated that in early June 1982, soon after the *Page 607 
release of Adam, the appellants began clearing and excavation on the undeveloped 8.5 acres of property, manifesting an intent to build nonresidential structures. A neighbor of the appellants testified that a sign advertising the leasing of mini-warehouses and office space was erected on the property in early September 1982. Evidence also indicated that the appellants poured concrete footings and laid a small amount of foundation material around this time.
The record contains letters, directed to the appellants in late June 1982, from Paul Owens, planning director for the SCPC, and Frank Ellis, attorney for the county, informing the appellants that until a final certificate of judgment issued in the Adam decision, the appellants proceeded with site preparation work at their own risk. (The appellants have characterized these and other communications from the county as being replete with "threats and intimidations.") On June 30, 1982, the appellants received a letter from legal counsel for an association of residents opposing the appellants' construction plans. Counsel for the residents' association apprised the appellants of the legal issues relative to Act No. 816 and informed them that the legislature soon planned to enact new legislation reestablishing the SCPC. The appellants were advised that Act No. 816 had been overturned on what were essentially technical grounds and that, once a new act was passed, it was extremely likely that the voters of Beat 12 would again vote for zoning regulations to be administered by the SCPC.
On July 8, 1982, the legislature enacted Act No. 82-693, 1982 Alabama Acts. Sections I through 15 of Act 82-693 reenact Act No. 816 almost word for word, and § 16 of the act purports to ratify all actions taken under Act No. 816. Act No. 82-693 has been amended and re-enacted several times since 1982.
Pursuant to authority granted in Act No. 82-693, the SCPC readopted its zoning ordinance and its master-plan zoning map on August 16, 1982. The subject property was, again, zoned R-3. A new election to implement the SCPC's zoning authority under Act No. 82-693 was held in Beat 12 on September 7, 1982. The voters in Beat 12 elected again to be regulated by the SCPC. Shortly after the election, the county sought to enjoin further construction by the appellants.
The appellants contend that the trial court erred in failing to declare Act No. 82693, or at least the "retroactive clause" in § 16, to be unconstitutional. They further contend that the court erred in failing to find that the county acted with the SCPC to effect an unconstitutional taking or inverse condemnation of their property.
The appellants first argue that Act No. 82-693 represents an unauthorized delegation of legislative authority to a county agency, specifically the SCPC. However, our supreme court examined just this issue in Bailey v. Shelby County,507 So.2d 438 (Ala. 1987), where it found Act No. 82-693 (and the identically worded Act No. 82-771, 1982 Ala. Acts) to pass constitutional muster. Likewise, this court has upheld the constitutionality of Act No. 82-693 in McClendon v. ShelbyCounty, 484 So.2d 459 (Ala.Civ.App. 1985), cert. denied,484 So.2d 465 (Ala. 1986).
The appellants contend that even if all other provisions of Act No. 82-693 are consistent with constitutional principles, § 16 of the act represents an illegal legislative action impairing vested or contract rights or validating actions taken under an unconstitutional statute or proceeding. See Horton v.Carter, 253 Ala. 325, 45 So.2d 10 (1950); Board of Revenue ofJefferson County v. Hewitt, 206 Ala. 405, 90 So. 781 (1921).
Assuming arguendo the validity of the appellants' position as to the legality of § 16, we find that they have failed to present facts establishing a causal connection between the injury alleged and the unconstitutionality of § 16. When the county's action for an injunction was initiated in September 1982 — after passage of Act. No. 82-693 and after the adoption of the new zoning ordinance — the appellants were engaged in nonconforming construction on the subject property. Because sections 1 *Page 608 
through 15 of the act give the 1982 SCPC authority to regulate zoning in Beat 12, independent of § 16, the appellants have failed to show how striking § 16 from the act as unconstitutional would benefit them. Bailey, 507 So.2d 438.
Faced with a challenge to § 16, our supreme court in Bailey
found that property owners with contentions similar to those of the appellants lacked standing to challenge § 16 as improperly validating actions taken under color of the 1965 law. The court reasoned that:
 "There is no allegation as to how the fact that the [SCPC's zoning] map had no legal effect prior to its adoption in August 1982 has harmed the appellants. The 1982 [SCPC] might very well have adopted this map even if § 16 had not been included in the 1982 acts. Thus, this is not a case of a ratification by the legislature of some actions taken under the 1965 act having injured the appellants. Therefore, we hold that the appellants have no standing to challenge § 16 under this branch of their argument, either."
Bailey, 507 So.2d at 441. This court will not rule upon a constitutional question unless some specific right of an appellant is directly involved. Smith v. Potts, 293 Ala. 419,304 So.2d 578 (1974). We hold that the appellants here lacked standing to challenge § 16. Under the authority of Bailey we find that the trial court was not in error when it refused to declare Act No. 82-693 or § 16 of the act to be unconstitutional.
The appellants next contend that the trial court erred when denying their counterclaim that the county had acted with the SCPC to effect a "taking" of their property in violation of their substantive due process rights. The county argues, however, that the appellants' taking claim is not ripe for judicial review because the appellants did not present the SCPC with a petition for rezoning after the new zoning law was passed.
Although the appellants concede that they did not seek a change in the zoning classification of their property following the passage of Act No. 82-693, they claim that further applications to the SCPC would be futile because the county and the SCPC have demonstrated conclusively the extent to which they plan to regulate use of the subject property: by denying the appellants' request to rezone the property from R-3 to M-1 in March 1982 under a zoning ordinance identical to the one adopted in August 1982; by otherwise repeatedly expressing disapproval, the appellants say, of the appellants' plans for use of the property; and by moving for the injunction in September 1982. These reasons persuade us that the appellants' taking claim is ripe.
It is generally conceded that zoning regulation is a permissible government activity even where such regulation adversely affects recognized real property interests. However, regulation that goes too far may amount to an unconstitutional governmental "taking." The question of what constitutes an impermissible taking involves an essentially ad hoc factual inquiry. While the economic impact of a regulation is relevant, mere diminution in property value because of regulation does not constitute a taking. Penn Central Transportation Co. v.City of New York, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631
(1978).
The record indicates that the subject property was purchased for $6,000 per acre in 1977. The trial court heard expert testimony from a witness for the appellants that the highest and best use of the subject property was for light industry, for which he valued the property at $65,340 per acre. However, the county offered expert testimony from an appraiser who estimated that the value of the property, if used as intended by the appellants, would be only $22,000 per acre. The county's expert disputed the accuracy of the appraisal methods used by the appellants' witness, further testifying that the value per acre of light industrial property with mini-warehouses was approximately the same as for residential property.
When a trial court hears testimony presented ore tenus, its judgment based upon that testimony is presumed correct and will be reversed only if, after consideration of *Page 609 
the evidence and all reasonable inferences therefrom, we find the judgment to be plainly and palpably wrong. LakeviewTownhomes v. Hunter, 567 So.2d 1287 (Ala. 1990). We do not find the trial court's conclusion that no "taking" had occurred to be plainly and palpably wrong.
The appellants take issue with the trial court's denial of their allegation of an "inverse condemnation." In McClendon v.City of Boaz, 395 So.2d 21, 24 (Ala. 1981), our supreme court defined inverse condemnation as "the taking of private property for public use without formal condemnation proceedings and without just compensation being paid by a government agency or entity which has the right or power of condemnation." In view of this definition and the evidence presented at trial, we do not find the trial court's judgment to be plainly and palpably wrong.
The appellants also object to the portion of the amended judgment ordering them to remove a sign advertising the leasing of mini-warehouses and office space. At trial they disputed testimony from a witness for the county that the sign was erected in early September 1982, claiming instead that the sign was erected in late 1977 or early 1978. However, this court will indulge a presumption in favor of the trial court's findings where the trial court has heard conflicting evidence.Leslie v. Pine Crest Homes, Inc., 388 So.2d 178 (Ala. 1980).
Finally, the appellants contend that the county improperly failed to join the SCPC as a party plaintiff in the injunction action. We note that Act No. 82-693 does not specifically give the SCPC the authority to sue, but rather provides that the county attorney shall institute appropriate enforcement actions. We do not find it necessary to address the appellants' contention, however. The appellants did not raise such an objection at trial level, and they never raised an affirmative defense complaining of lack of proper parties to the cause. Failure to join an indispensable party is waived if not presented before close of trial. English v. English,352 So.2d 454 (Ala.Civ.App. 1977).
The appellants manifested a clear intent to construct commercial buildings on the subject property, and had in fact begun such construction in violation of the applicable zoning ordinance. Accordingly, the order of the trial court enjoining the appellants from using the subject property in violation of the ordinance was not in error.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.