[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  08-13475
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No.  06-00881-CV-CG-B

O'NEAL HOMES, INC.,
GEORGE O'NEAL,
MARILYN O'NEAL,

Plaintiffs-Appellants,

versus

CITY OF ORANGE BEACH,
ORANGE BEACH CITY COUNCIL,
MAYOR OF ORANGE BEACH,
ORANGE BEACH DEPARTMENT OF COMMUNITY DEVELOPMENT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(May 29, 2009)

Before BLACK, BARKETT, and COX, Circuit Judges.

PER CURIAM:

O'Neal Homes, Inc., George O'Neal, and Marilyn O'Neal sued the City of Orange Beach, the Orange Beach City Council, the Mayor of Orange Beach, and the Orange Beach Department of Community Development. The O'Neals alleged that Defendants improperly amended the zoning laws of Orange Beach, made misrepresentations regarding the amendment, and improperly revoked the O'Neals' building permits. The O'Neals sought relief under a number of federal and state legal theories. The district court, however, granted summary judgment to Defendants on all of the O'Neals claims. The O'Neals now appeal.

The O'Neals first argue that the district court erred in granting summary judgment on their federal 42 U.S.C. § 1983 claims. Their § 1983 claims alleged violations of their substantive and procedural due process rights. The O'Neals present three arguments[1] as to why the district court erred in granting summary judgment on their § 1983 procedural and substantive due process claims.

First, the O'Neals argue that the district court erred in granting summary judgment on their § 1983 claim alleging a violation of their substantive due process rights because the city illegally enacted legislation repealing the zoning ordinance at issue. (Appellants' Br. at 13.) In *Anthony v. Franklin County*, 799 F.2d 681 (11th

---

[1]We do not address the O'Neals' arguments that they are entitled to relief based on equitable estoppel or violations of the equal protection clause because they did not make these arguments before the district court.

2

Cir. 1986), we articulated the test for whether legislation depriving a citizen of a property right offends the property owner's substantive due process rights:

> The substantive due process doctrine proscribes "deprivation of a property interest for an improper motive and by means that were pretextual, arbitrary and capricious, and . . . without any rational basis." . . . Economic and social legislation is presumed valid if it is rationally related to a legitimate state interest.

*Id.* at 684 (internal citations omitted). Here, there is record evidence that the zoning ordinance amendment was intended to preserve some of Orange Beach's unique charm in the face of "growth pressures" created by high demand for development and high real estate values. (R.51, Ex. 5 at 3.) Accordingly, we conclude that the legislation amending the ordinance was not pretextual or arbitrary or capricious, but rather rationally related to the interest of controlling growth in Orange Beach.

Second, the O'Neals argue they had a property interest in the building permits issued by the city, and that the district court erred in granting summary judgment on its § 1983 procedural due process claim alleging the city revoked those permits and issued stop work orders without affording due process. (Appellants' Br. at 15.) We have held, however, that there is no procedural due process violation when a plaintiff fails to take advantage of adequate state law remedies available to him. *Cotton v. Jackson*, 216 F.3d 1328, 1330-31 (11th Cir. 2000). Under Ala. Code § 11-52-81, the O'Neals could have appealed the denial of their appeal of the stop work order to an

Alabama circuit court. The O'Neals took no such appeal. Having failed to take advantage of the state law remedy available to them, the O'Neals cannot now complain that they were denied procedural due process.

Third, the O'Neals argue that the district court erred in granting summary judgment on their due process claims because the Defendants did not follow state law procedures in amending the zoning ordinance. However, the amendment of the zoning ordinance was a legislative act, and the legislative process surrounding the enactment of the amendment provided the O'Neals "with all the process constitutionally due." *75 Acres, LLC v. Miami-Dade County, Fla.*, 338 F.3d 1288, 1297 (11th Cir. 2003).

We conclude that summary judgment was proper on the O'Neals' substantive and procedural due process § 1983 claims.

The O'Neals have titled a section of their argument, "**B. INVERSE CONDEMNATION & TAKING WITHOUT DUE COMPENSATION**," (Appellants' Br. at 23), but only present argument as to why the district court erred in granting summary judgment on their Alabama state law inverse condemnation action. Accordingly, any argument that the district court erred in granting summary judgment on any federal or state takings claim is abandoned, and we consider only the O'Neals' argument that the district court erred in granting summary judgment on

their inverse condemnation claim. The O'Neals argue that the district court erroneously applied the law of inverse condemnation as it applies to the State of Alabama. The O'Neals contend that the district court should have applied the law of inverse condemnation as it applies to municipal corporations, and that had it done so, the district court would have realized that an inverse condemnation action is cognizable even if there is no physical occupation of land, but only a loss of income or investment.

The O'Neals' argument is not persuasive. The district court's order clearly contemplates that a taking can be the deprivation of an economically beneficial use of land. (R.80 at 23-24.) The district court granted summary judgment to Defendants on the inverse condemnation claim because "[t]he O'Neals do not direct the court to any facts in the record to support the conclusion that they have suffered a constitutional taking, a prerequisite to a claim for inverse condemnation." (*Id.* at 23.) The O'Neals still have not pointed to any record evidence that the value of the land has been sufficiently impaired so as to constitute a taking. *See Matthews v. Shelby County Comm'n*, 615 So. 2d 605, 608-609 (Ala. Civ. App. 1992) (evaluating whether taking occurred as result of zoning ordinance based on expert testimony as to impact of zoning ordinance on value per acre of land). Because the O'Neals did not direct the district court to any record evidence of the actual economic impact of the zoning

5

regulation on their land, the district court did not err in granting summary judgment to Defendants on the O'Neals inverse condemnation claim.

Finally, the O'Neals argue that the district court erred in granting summary judgment on their state law misrepresentation claim because they have introduced evidence of a misrepresentation made by Jeffrey Moon on August 10, 2005 that satisfies all of the elements of an Alabama state law misrepresentation claim.

Summary judgment on the O'Neals' fraudulent misrepresentation claim was proper. Even assuming the letter from Moon stated a misrepresentation, any reliance on it would not have been reasonable. *See Ala. Elec. Co-Op., Inc. v. Bailey's Const. Co.*, 950 So. 2d 280, 284 (Ala. 2006) ("negligent misrepresentation claims require reasonable reliance by the plaintiff" (citations omitted)). Moon's letter offered an opinion or prediction as to what action the Planning Commission might take in the future, and how that action might impact pre-existing building permits. Any reliance by the O'Neals on a prediction and opinion as to the contents of an ordinance that a legislative body might pass in the future was unreasonable. Accordingly, we affirm the grant of summary judgment for the Defendants on the O'Neals' misrepresentation claim.

Summary judgment on the O'Neals' federal § 1983 claims alleging due process violations was appropriate. Additionally, the O'Neals point to no record evidence

demonstrating that a taking has occurred sufficient to support their inverse condemnation claim. Accordingly, summary judgment for Defendants on the inverse condemnation claim was appropriate. Finally, summary judgment was appropriate on the O'Neals' misrepresentation claim because, even if the record evidence of a misrepresentation the O'Neals point to did in fact contain a misrepresentation, reliance on it would not have been reasonable. The district court's grant of summary judgment is affirmed.

AFFIRMED.